Todd Picker, Esq. (SBN 132905)
575 Anton Blvd., Third Floor
Costa Mesa, California 92626
Telephone: (714) 432-6264
Facsimile: (714) 388-3756
Email: todd.picker@sbcglobal.net

FILED
JUL 20 2009
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

Attorney for JUERGEN VOTTELER, Plaintiff

# UNITED STATES BANKRUPTCY COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>WANG, HUI<br>Debtor. | Case No.: 2:09-BK-19641 ER<br>Chapter 7 |
| JUERGEN VOTTELER,<br>Plaintiff,<br>v.<br>HUI WANG,<br>Defendant. | Adversary No.: 09-01865ER<br><br>**COMPLAINT FOR NONDISCHARGEABILITY OF DEBTS** UNDER 11 U.S.C. §523(a)<br>(Hearing Date To Be Set By Summons) |

JUERGEN VOTTELER ("Plaintiff") alleges:

## I. PARTIES

1.  Plaintiff is an individual residing in the country of Germany. Plaintiff is a judgment creditor of Debtor, holding a fraud judgment against her for $3,419,387.48, plus accruing post-judgment interest.

2.  Defendant Hui Wang (also known as "Cindy Tringham"; "Debtor") is the Debtor in this Chapter 7 bankruptcy case.

1

**Non-Dischargeability Complaint**

## II. JURISDICTION AND VENUE

3. This matter arises under the Bankruptcy Code and is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (I), and (O).

4. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 157(a), 157(b)(1), and 1334 and 28 U.S.C. § 2201.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

## III. FACTUAL ALLEGATIONS

6. On July 23, 2008, Plaintiff obtained a judgment of joint and several liability for *inter alia* fraud, conversion, and constructive trust against defendants Robert Tringham ("Tringham"), Debtor, Finbar Securities Corp., a California corporation ("Finbar")[1], Finbar Asia Philippines, Inc., a California corporation, Finbar Asia Philippines, Inc., a business entity form unknown organized under the laws of the Philippines, and Swiss Global Connect USA, Inc., a California corporation. The facts are as follows.

7. In or around April 2006, Plaintiff was introduced to Tringham, who was Debtor's boyfriend and or fiancé (Debtor and Tringham held themselves out as husband and wife), who held himself out to be a licensed securities broker and president of Finbar. Plaintiff is informed and believes that all relevant time Tringham and Debtor lived together as husband and wife and maintained joint savings, checking and investment accounts. Tringham represented that Finbar was a securities dealer licensed by the US Securities and Exchange Commission ("SEC") and the National Association of Securities Dealers ("NASD"). These representations were false.

8. Tringham represented to Plaintiff that Plaintiff qualified for "high yield" investments, where the funds he invested would be used to buy bonds, notes and other debt instruments, precious metals (gold, and silver in the "GLD" system), derivatives, *et*

---

[1] The corporate status of Finbar is "suspended."

2

**Non-Dischargeability Complaint**

*cetera*; and that Plaintiff's funds would be placed in a multi-currency account at Bank of America. These representations were false.

9. On or about July 7, 2006, in reliance on Tringham's false representations, Plaintiff was induced to sign an alleged "Wealth Management Agreement." Tringham told Plaintiff that, pursuant to the Wealth Management Agreement, he would open an account in Plaintiff's name at National Financial Services, Inc., a subsidiary of Fidelity Investments (a reputable clearinghouse), that Plaintiff would have access to the money in his account, that his funds would be prudently invested, and that profits earned by his investments under the Agreement would be distributed to this account as earned. These representations were false.

10. On July 14, 2006, Plaintiff wire transferred €1,000,000 to a Bank of America account controlled by Tringham. On October 26, 2006, Plaintiff wire transferred €831,554 more to the same Bank of America account. The money was converted from Euros into approximately US $2,916,747 at the then-current exchange rate.

11. The representations made by Tringham and as set forth in the Wealth Management Agreement were false. Finbar is not now, nor has it ever been a licensed securities broker dealer. Finbar was not an operational company when Plaintiff signed the Wealth Management Agreement. Nor was a trading account with a reputable clearinghouse ever established in Plaintiff's name or on his behalf.

12. Defendant was at all relevant times aware that plaintiff's money had been obtained by fraud. After receiving Plaintiff's money, Tringham and Debtor converted the funds to their own use, directly and indirectly, including funneling money into Wangao Properties, Inc., a company controlled by Debtor and Tringham. Plaintiff is informed and believes that Tringham and Debtor purchased with funds stolen from Plaintiff and/or other victims of their fraudulent investment schemes a home, inter alia, a $40,000 diamond ring, a Range Rover and a BMW, plus other assets the identity of

3

**Non-Dischargeability Complaint**

which is presently unknown to plaintiff.

13. Tringham also transferred large sums of money to Debtor and Wangao Properties, Inc., and possibly other entities the identity of which is presently unknown to plaintiff, between 2006 and 2008. Debtor has transferred some of these funds to China, where her parents live, and the to other countries. Plaintiff is informed and believes that Debtor opened and/or owns and/or has signature authority over bank accounts in other countries in her own name or using the name of Cindy Tringham or other aliases.

14. On July 11, 2007, Plaintiff filed a complaint in the Los Angeles Superior Court against Debtor, Tringham, Finbar, and others for *inter alia* fraud, conversion and constructive trust.

15. On July 23, 2008, the Superior Court entered judgment against Debtor, Tringham and others (the "Judgment"). A copy of the Judgment is attached as Exhibit "A."

16. In or about early 2009, the Securities and Exchange Commission filed suit against Tringham and obtained a preliminary injunction freezing his assets and appointing a receiver to assume control of his companies. Tringham has since been arrested and is in federal custody pending criminal trial in the US District Court for the Central District of California. He awaits trial on charges that, among other things, he violated federal securities laws.

## IV. BASES FOR NONDISCHARGEABILITY OF DEBTS

**A.    Bankruptcy Code § 523(a)(2)(A)— False Pretenses, False Representation, or Actual Fraud**

17. Plaintiff realleges paragraphs 1 through 16 above.

18. Section 523(a)(2)(A) states, in pertinent part that:

"[a] discharge under section 727 ... of this title does not discharge

an individual debtor from any debt— for money ... to the extent

obtained, by— false pretenses, a false representation, or actual

---
4

**Non-Dischargeability Complaint**

fraud ..."

As set forth above, Debtor– in concert with Tringham– obtained money from Plaintiff. Debtor's conduct constituted actual fraud in that

a. She knowingly took stolen money that Tringham gave her;

b. She knew the money was Plaintiff's and holds said money as constructive trustee for the benefit of plaintiff;

c. She knowingly transferred some of the money to China and other countries;

d. She failed and refused to fully disclose the transfers to Plaintiff, the Los Angeles Superior Court, and the United States Trustee in this bankruptcy case; and

e. Plaintiff sustained losses as a proximate result of Debtor's actions.

19. Further, Debtor owes Plaintiff all money that Tringham transferred to her, for her personal use including (a) funds sent to various bank and investment accounts, (b) automobiles bought or leased with Plaintiff's funds, and (c) part or all of other assets bought with his funds, including assets that Debtor may have listed as exempt in her bankruptcy schedules. Such property was knowingly obtained by false pretenses, false representations, and/or actual fraud.

20. Plaintiff suffered damage as a result of the fraud.

21. Plaintiff is entitled to an award of his actual damages, as set forth in the Judgment.

22. Plaintiff is also entitled to exemplary damages, as set forth in the Judgment.

23. Plaintiff is entitled to a determination that Debtor's indebtedness to him is nondischargeable under 11 U.S.C. § 523(a)(2)(A).

**B.    Bankruptcy Code § 523(a)(6)– Willful and Malicious Injury**

24. Plaintiff realleges paragraphs 1 through 16 and 18 through 23 above.

25. A debt is nondischargeable if it is "for willful and malicious injury by the

5

**Non-Dischargeability Complaint**

debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

26. Debtor took the actions described above willfully and maliciously so that Plaintiff suffered deliberate or intentional injury. Debtor's actions evidenced either (i) an objective substantial certainty of harm or (ii) a subjective motive to cause harm.

27. As a result of Debtor's willful and malicious conduct, Plaintiff suffered deliberate or intentional injury and related damages. The damages include those alleged in the above paragraphs including the (a) loss of funds transferred to offshore accounts by Debtor, (b) loss of funds used to purchase assets, including a $40,000 ring, two automobiles, and other possible assets, and (c) use of Plaintiff's funds for Debtor's non-business and personal expenses.

28. Plaintiff is entitled to an award of actual damages suffered by him, as set forth in the Judgment.

29. Plaintiff is also entitled to exemplary damages, as set forth in the Judgment.

29. Plaintiff is entitled to a determination that Debtor's indebtedness to him is nondischargeable under 11 U.S.C. § 523(a)(6).

**PRAYER**

WHEREFORE, Plaintiff prays that the Court enter judgment in favor of Plaintiff as follows:

(a) That Debtor's debts to Plaintiff Juergen Votteler are nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2), and (6); and

(b) For such other and further relief that the Court may deem just and proper.


DATED: July 20, 2009                LAW OFFICES OF TODD PICKER


_____
Todd Picker

6

**Non-Dischargeability Complaint**

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, the undersigned, declare I am over the age of eighteen years and not a party to the within action or proceeding. My business address is 850 E. Chapman Ave., Suite A, Orange, California 92866

On July 20, 2009, I served the within

## COMPLAINT FOR NONDISCHARGEABILITY OF DEBTS

on interested parties to this action by:

[ ] facsimile at the listed numbers; and/or by   [ ] e-mail at the addresses listed, and/or by; [ ] overnight courier and/or by   [ ] personal delivery and/or by   [X] First Class mail by placing [ ] the original;   [ ] true copy(ies), thereof enclosed in sealed envelopes   [ ] addressed as follows:   [ ] as addressed in the attached mailing list:

Hui Wang
Debtor
22712 White Fir Lane
Diamond Bar, CA 91765

Heidi Kurtz
Bankruptcy Trustee
2515 S. Western Ave., No. 11
San Pedro, California 90732

[X] BY MAIL [FRCP 5(b)(2)(C)]  I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service.

[ ] BY FACSIMILE [FRCP 5(b)(2)(E)]  The parties have agreed in writing to accept and receive service by facsimile.

[ ] BY EMAIL [FRCP 5(b)(2)(E)]  The parties have either agreed in writing to accept and receive service by email or have consented to such service by filing electronically with the court.

The document was transmitted by facsimile or email and the transmission was reported as complete and without error by the transmitting device.

[ ] BY EXPRESS MAIL; FEDERAL EXPRESS; U.P.S. [FRCP 5(b)(2)(B)]  I am readily familiar with the firm's practice of collection and processing correspondence for mailing with U.S. Postal Service Express Mail, Federal Express or United Postal Service.

Under that practice it would be deposited on that same day with postage fully prepaid in Los Angeles, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on the date of execution set forth below following ordinary business practices.

[ ] BY PERSONAL DELIVERY [FRCP 5(b)(2)(B)]  I personally delivered such envelope(s) by hand to the offices of the addressee(s).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 20, 2009, at Orange, California.

TODD PICKER
_____
[Signature]

debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

26. Debtor took the actions described above willfully and maliciously so that Plaintiff suffered deliberate or intentional injury. Debtor's actions evidenced either (i) an objective substantial certainty of harm or (ii) a subjective motive to cause harm.

27. As a result of Debtor's willful and malicious conduct, Plaintiff suffered deliberate or intentional injury and related damages. The damages include those alleged in the above paragraphs including the (a) loss of funds transferred to offshore accounts by Debtor, (b) loss of funds used to purchase assets, including a $40,000 ring, two automobiles, and other possible assets, and (c) use of Plaintiff's funds for Debtor's non-business and personal expenses.

28. Plaintiff is entitled to an award of actual damages suffered by him, as set forth in the Judgment.

29. Plaintiff is also entitled to exemplary damages, as set forth in the Judgment.

29. Plaintiff is entitled to a determination that Debtor's indebtedness to him is nondischargeable under 11 U.S.C. § 523(a)(6).

## PRAYER

WHEREFORE, Plaintiff prays that the Court enter judgment in favor of Plaintiff as follows:

(a) That Debtor's debts to Plaintiff Juergen Votteler are nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2), and (6); and

(b) For such other and further relief that the Court may deem just and proper.

DATED: July __, 2009                    LAW OFFICES OF TODD PICKER

                                        _____
                                        Todd Picker
                                        Attorney for Plaintiff Juergen Votteler

---

6

**Non-Dischargeability Complaint**

FORM B104 (08/07)                                                                                                 2007 USBC, Central District of California

# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Page 2)

**ADVERSARY PROCEEDING NUMBER** (Court Use Only)

| PLAINTIFFS | DEFENDANTS |
|---|---|
| JUERGEN VOTTELER | HUI WANG |

**FILED**

JUL 20 2009

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____ Deputy Clerk

**ATTORNEYS** (Firm Name, Address, and Telephone No.)
LAW OFFICE OF TODD PICKER
850 E. CHAPMAN AVE, SUITE A
Orange, CA 92866

**ATTORNEYS** (If Known)

**PARTY** (Check One Box Only)
☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin
☒ Creditor     ☐ Other
☐ Trustee

**PARTY** (Check One Box Only)
☒ Debtor     ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor     ☐ Other
☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint for Non-Dischargeability of Debts: 11 U.S.C. §§ 523(a)(2), 523(a)(6)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law     ☐ Check if this is asserted to be a class action under FRCP 23

☐ Check if a jury trial is demanded in complaint     Demand $ 3,419,387.

Other Relief Sought

FORM B104 (08/07), page 2            2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| **NAME OF DEBTOR** HUI WANG ||| **BANKRUPTCY CASE NO.** 2:09-BK-19641ER |
| **DISTRICT IN WHICH CASE IS PENDING** Central District of California || **DIVISIONAL OFFICE** Los Angeles | **NAME OF JUDGE** E. Robles |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| **PLAINTIFF** | **DEFENDANT** || **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** || **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** ||||
| **DATE** JULY 19, 2009 ||| **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** TODD PICKER |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| TODD PICKER (SBN 132905)<br>LAW OFFICE OF TODD PICKER<br>850 E. Chapman Ave., Suite A<br>Orange, California 92866<br>TEL. 714-744-8390<br>Fax. 714-388-3756<br><br>Attorney for Plaintiff JUERGEN VOTTELER | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re: HUI WANG | CHAPTER 7 |
|---|---|
| | CASE NUMBER 2:09-bk-19641ER |
| Debtor. | ADVERSARY NUMBER |
| JUERGEN VOTTELER<br>Plaintiff(s), | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)* |
| vs. | **SUMMONS AND NOTICE OF** |
| HUIE WANG<br>Defendant(s). | **STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| Hearing Date: | Time: | Courtroom: | Floor: |
|---|---|---|---|
| ☐ 255 East Temple Street, Los Angeles | | ☐ 411 West Fourth Street, Santa Ana | |
| ☐ 21041 Burbank Boulevard, Woodland Hills | | ☐ 1415 State Street, Santa Barbara | |
| ☐ 3420 Twelfth Street, Riverside | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**

RECEIVED
JUL 2 0 2009
BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

By: _____
*Deputy Clerk*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009 (COA-SA)    **F 7004-1**

| Summons and Notice of Status Conference - *Page 2* | | **F 7004-1** |
|---|---|---|
| In re: HUI WANG | (SHORT TITLE) | CASE NO.: 2:09-bk-19641ER |
| | Debtor(s). | |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

850 E. Chapman Ave., Suite A
Orange, CA 92866

A true and correct copy of the foregoing document described as Summons and Notice of Status Conference; Complain for Nondischargeability of Debts will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):**
On July 20, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

Hui Wang, Debtor, 22712 White Fir Lane, Diamond Bar, CA 91765 [First Class Mail, Postage Pre-paid]

Heidi Kurtz, BK Trustee, 2515 S. Western Ave., No 11, San Pedro, CA 90732 [First Class Mail, Postage Pre-paid]

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 20, 2009 | Todd Picker | |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009 (COA-SA)* **F 7004-1**

| Summons and Notice of Status Conference - *Page 3* | **F 7004-1** |
|---|---|
| In re  HUI WANG                (SHORT TITLE)  Debtor(s). | CASE NO.:2:09-bk-19641ER |

**ADDITIONAL SERVICE INFORMATION** (if needed):

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009 (COA-SA)                                                                                          **F 7004-1**