FILED
OCT 06 2009
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

1  Keith Berglund (State Bar No.207649)
2  Steve Wegner (State Bar No. 58585)
   The Berglund Group
3  149 S. Barrington Ave.
   Suite 181
4  Los Angeles, Ca. 90049
   Telephone: 310-567-6070
5  Facsimile: 310-564-0327

6  Attorneys for Debtor

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re | CASE NO. 2:09-bk-19641-ER |
| HUI WANG, | Chapter 11 |
| JUERGEN VOTTELER | Adv. No. 09-bk-01865-ER |
| Plaintiff, | |
| v. | **DECLARATION OF KEITH BERGLUND IN SUPPORT OF REPLY TO MOTION TO DISMISS** |
| HUI WANG | |
| Defendant. | Date:  October 13, 2009<br>Time:  11:00 a.m.<br>Ctrm:  1568, 15th Floor<br>255 E. Temple Street<br>Los Angeles, Ca. |

ORIGINAL

E BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

1

printed on recycled paper

I, the undersigned, declare as follows in support of the Reply to Motion to Dismiss the non-dischargeability complaint (the "Complaint"):

I, the undersigned, declare as follows in support of the Motion to Dismiss the Complaint (the "Motion"):

1. I was the attorney at one time or the other for each of the Defendants in the underlying state action (Case No. KC 050973) (the"State Action") and have personal knowledge of each fact stated herein.
2. I have had the chance to review the Declaration of Todd Picker filed in Opposition to the Motion and the Opposition (the "Picker Pleadings"). The Picker Pleadings are wrong in many material respects.
3. For example, at no time did I ever contact or speak with the Plaintiff in this matter. However, the Plaintiff did send me a written settlement communication in the fall of 2007 which I immediately referred to his counsel.
4. I am not aware of settlement communications that were initiated for bad faith purposes in the state court litigation. In fact, on at least two occasions – defendant Robert Tringham("Tringham") – against my advice, stood before Judge Meeka in the state court litigation and represented to Judge Meeka that he was going to settle the case. I did have discussions with counsel for Plaintiff to forbear from substantive litigation (excepting previously scheduled depositions) in the fall of 2007 to allow for settlement of the case, which forbearance was followed for the balance of 2007.
5. The settlement discussions did not prove fruitful and I did file a Motion to Vacate the Default on behalf of Hui Wang ("Wang") in the state court litigation when said settlement prospects foundered. It was (and is) my belief that Judge Meeka did not hold Tringham in high regard due in large part to Tringham's failure to consummate the settlements he had previously announced to Judge Meeka. Unfortunately, Wang – who had never appeared in court - was caught up in the backdraft against Tringham and the motion to vacate was denied notwithstanding many favorable factors under applicable state law in her favor to vacate the default.

E BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

6. Wang, to my knowledge, did not participate or communicate in any respect with Plaintiff or participate in the state court proceedings absent the filing of the Motion to Vacate and pleadings relating thereto.

7. Because of, inter alia, continuing disagreements with Tringham, I filed a Motion to Withdraw from representation which was granted by the Appellate Court on or about June 4, 2009.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: October 2, 2009 at Los Angeles, California

By: *Keith W. Berglund* (signature)
Keith W. Berglund

E BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

3                                    printed on recycled paper
DECLARATION OF BERGLUND IN SUPPORT OF REPLY TO MOTION TO DISMISS    ADV. NO. 09-01865