Keith Berglund (State Bar No.207649)
Steven D. Wegner (State Bar No. 58585)
The Berglund Group
149 S. Barrington Ave.
Suite 181
Los Angeles, Ca. 90049
Telephone: 310-567-6070
Facsimile: 310-564-0327

Attorneys for Debtor

FILED
NOV 17 2009
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>HUI WANG,<br>      Debtor.<br><br>―――――――――――――――<br><br>JUERGEN VOTTELER<br><br>      Plaintiff,<br><br>v.<br><br>HUI WANG<br>      Defendant. | CASE NO. 2:09-bk-19641-ER<br><br>Chapter 11<br><br><br><br>Adv. No. 09-bk-01865-ER<br><br><br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; POINTS AND AUTHORITIES; DECLARATIONS OF WANG AND BERGLUND IN SUPPORT**<br><br>Date:    January 12, 2010<br>Time:   10:00 a.m.<br>Ctrm:   1568, 15th Floor<br>         255 E. Temple Street<br>         Los Angeles, Ca.<br><br>(PROPOSED ORDER SUBMITTED CONCURRENTLY) |

BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

printed on recycled paper

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT    ADV. NO. 09-01865

**TO THE HONORABLE ERNEST ROBLES, UNITED STATES BANKRUPTCY JUDGE, THE TRUSTEE AND ALL OTHER INTERESTED PARTIES**:

PLEASE TAKE NOTICE that on January 12, 2010, at 10:00 a.m., or as soon thereafter as Counsel may be heard, in Courtroom 1568, 15th floor, located at 255 E. Temple Street, Los Angeles, Ca., Defendant Hui Wang ("Debtor") shall move and does hereby move the Court (the "Motion") for an Order to Dismiss the instant Adversary Proceeding which has already been amended (the "Complaint"). The grounds of this Motion are that pursuant to, inter alia, Federal Bankruptcy Rules: (1) 7012 (b)(1), the Complaint fails to state a claim of sufficient nature upon which relief can be granted, and (2) 7009, the Complaint fails to plead fraud with any degree of the particularity that is required.

Simply stated – and the Plaintiff utterly failed to add any new facts to the newly amended Complaint - Plaintiff is wrongfully representing to the Court that a state court <u>default</u> judgment was a finding of actual fraud thereby meeting a key requirement of this non-dischargeability complaint. In fact, Debtor was a later named Doe defendant in the state court action who acted promptly and well within the applicable time limits to first file an answer, then file a well grounded motion to vacate the entry of default, and ultimately file an appeal of the denial of the motion before the pendency of this bankruptcy case. Debtor – a recent immigrant from China with a young son - was "railroaded" in the underlying state court action in total contravention of federal and state due process rights and was not even given a chance to present any defense to Plaintiff's wrongful and misguided claims against Debtor. The level and misguided nature of Plaintiff's claims are highlighted by the wrongful allegations in Plaintiff's amended Complaint that Debtor began her alleged conspiracy in 1998. However, as set forth in the attached declaration and supporting documentation – Debtor <u>did not even arrive in this country until the spring of 2000.</u> The Amended Complaint continues with other unsupported and conclusory allegations without adding one shred of competent, admissible evidence.

E BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 562-6070

This Motion is made and based upon this Notice, the attached Memorandum of Points and Authorities, the accompanying Declarations of Keith Berglund and Hui Wang, the pleadings and records in this case and upon such additional evidence and argument as may be presented at or before the hearing on the Motion.

PLEASE TAKE FURTHER NOTICE that if you do not oppose the Motion, you need take no further action. If you do oppose the Motion, Local Bankruptcy Rule 9013 (1)(f) requires that any opposition, accompanying memorandum of points and authorities, and declarations be filed at least fourteen (14) days prior to the hearing. Service of the opposition pleadings shall be by e-mail, fax, or personal delivery to the addresses of opposing counsel as previously specified. A filed copy of the opposition pleadings shall be delivered to Judge Robles' chambers the same day it is filed.

Pursuant to Local rule 9013-1(a)(11), the failure to timely file and serve a responsive pleading may be deemed by the Court to constitute consent to the granting of relief sought in the Motion.

Dated: November 17, 2010

**THE BERGLUND GROUP**

By: *Keith W Berglund*

**Attorney for Defendant**

E BERGLUND GROUP
2800 Neilson Way
Suite 1015
Santa Monica, CA 90405
(310) 567-6070

printed on recycled paper
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT    ADV. NO. 09-01865

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Defendant Hui Wang ("Debtor") files this Memorandum in Support of her Motion to Dismiss (the "Motion") the First Amended non-dischargeability adversary complaint, dated November 5, 2009 (the "Complaint") filed by the Plaintiff Juergen Votteler (the "Plaintiff"). Simply stated, the Plaintiff still has failed to plead fraud and willful and malicious conduct with the degree of particularity required by the Federal Rules and the Complaint should be dismissed(and Debtor has filed an Answer to the Complaint denying all of the material allegations). Moreover, Plaintiff's inability to plead fraud with the specificity required is magnified and held to a higher standard when the fraud charge is centered around an aiding and abetting allegation such as here. The Complaint is factually wrong (see for example the allegations that Debtor began her alleged conspiracy in 1998 when she did not even arrive in this country until spring of 2000), ridden by hearsay and conclusory statements and unsupported by any competent evidence.

Debtor – who is not proficient in the English language - is a fairly recent immigrant from China(spring of 2000) with a young son. Debtor met a now 63 year old (much older than the age

represented to debtor) English citizen in this country by the name of Robert Tringham ("Tringham") in late 2003. Tringham held himself out to be an international banker with a substantial business portfolio. Debtor was never involved in any material aspect of Tringham's business operations. Debtor had a roughly four year relationship with Tringham during which time he proposed marriage. The marriage was never consummated and Debtor left Tringham in October of 2008. Debtor has become as much a victim of Tringham as the various investors he dealt with. Debtor never had a chance to mount any defense in Plaintiff's state court action in which she was added as a Doe defendant. This lack of due process was one of the central themes of the appeal pending in the appellate court at the time this bankruptcy case was filed.

## II.

## BACKGROUND

The state court action was initiated by a complaint filed by Plaintiff against Tringham and a Tringham controlled company by the name of Finbar Securities Corp. ("Finbar") on or about July 11, 2007 (the "State Action") (Tringham and all related corporate defendants involved in the State Action – other than Debtor – shall hereafter be collectively referred to as the "Tringham Defendants"). The State Action contained several counts including breach of contract and fraud and involved a wealth management agreement by and between Finbar and the Plaintiff whereby Tringham was charged with the responsibility of overseeing certain investments made by Plaintiff in the approximate amount of $3,000,000.00. Debtor was not named as an original defendant in the State Action.

On or about September 27, 2007, Plaintiff amended the State Action to include the Debtor and other parties related to Tringham. On or about October 31, 2007, counsel for Tringham first became aware that the Plaintiff had filed Requests for Entries of Default against, inter alia, Debtor. Prior to October 31, 2007, Debtor was not represented by counsel. Debtor secured counsel and filed on or about November 5, 2007, paid filing fees and filed an answer and with numerous affirmative defenses denying the allegations of the Amended State Action (the "Answer"). The State Action Clerk's office accepted the Answer and collected the filing fees as there had been no formal recordation of the entry of default against Debtor at that time.

Subsequently, Tringham and Plaintiff entered into a second round of settlement discussions and each side agreed to forbear from filing substantive pleadings until December of 2007. The second round of settlement discussions also did not result in a resolution of the State Action. Thus, on or about January 22, 2008 (well within the six month period allowed under the California code of Civil Procedure), Debtor filed a Motion to Vacate the Entry of Default and/or Quash Summons with the Court (the "Motion to Vacate").

Debtor testified that she was not personally served with the Amended State Action – despite a Proof of Service filed by Plaintiff to the contrary - and that even if service was proper there was excusable neglect, mistake or inadvertence, all proper grounds for relief under CCP Section 473. On February 26, 2008, the State Court held a hearing and denied the Motion to Vacate. Ultimately, a formal default judgment was entered against Debtor on July 23, 2008 (the "Default Judgment"). The amount of the Default Judgment entered against Debtor was $3,427,135.24 (an amount different and lower than the other Tringham Defendants). Thus, Debtor did not have the opportunity to participate in any substantive defense on the allegations raised against her as a Doe defendant.

On September 19, 2008 (within the 60 day time period provided under CRC 8.104), two appeals and two separate filing fees were filed on behalf of Debtor and the Tringham Defendants from the Default Judgment. The two appeals were consolidated. Debtor's basis for appeal was simple and direct. First, that the Court in the State Action erred in finding that Debtor had been served with a copy of the amended Complaint. Secondly, that the State Court erred in (1) granting a default judgment against Debtor and (2) denying Debtor's Motion to Vacate under, inter alia, CCP Section 473 and due process grounds guaranteed under each of the Federal and California state constitution. On or about April 13, 2009, Debtor filed a Motion with the Appellate Court to Bifurcate her Appeal from the Tringham Defendants. The Appellate Court granted Debtor's Bifurcation Motion on or about June 4, 2009 but stayed the Debtor's appeal by virtue of this bankruptcy case.

Subsequent to the filing of the appeal, the SEC has filed a Complaint against Tringham and Finbar in the United States District Court for the Central District of California (Case No. 09 CV 2325) (the "SEC Action") and obtained a TRO and preliminary injunction on matters that relate to the Case and the appeal. Further, a receiver was appointed with respect to the Tringham Defendants. Debtor was not a named party in the SEC action. Apparently, Tringham and his related entities had many more creditors over and above Plaintiff. Subsequent to the SEC Action, Tringham was indicted on federal charges relating to, among other charges, securities violations, and is presently residing in a federal jail awaiting trial presently set for February 16, 2010 (the "Federal Action"). Again, Debtor was not named in the Federal Action.

### III.

### APPLICABLE LEGAL STANDARDS

#### A. BANKRUPTCY RULES REQUIRE THAT FRAUD MUST BE PLEADED WITH PARTICULARITY

Bankruptcy Rule 7009 states that Federal Rule of Civil Procedure ("FRCP") 9(b) applies in adversary proceedings. FRCP 9(b) states that in claims be based on fraud "the circumstances constituting the fraud shall be stated with particularity." It has been said that the rule requiring litigants to plead the circumstances of alleged fraud with particularity serves three purposes: (1) informing defendants of the nature of the alleged wrong, so they may mount an adequate defense; (2) eliminating conclusory complaints filed as a pretext for using discovery to uncover heretofore unknown wrongs; and 3) protecting defendants from spurious fraud charges that might be particularly damaging to their reputation. See for eg. Cooper v. Pickett, 137 F.3d 616 (9th Cir. 1997)(a plaintiff must set forth more than the neutral facts necessary to identify the transaction – he must set forth an explanation as to why the statement or omission complained of was false or misleading).

Each of the three cited considerations that fraud be pled with particularity are implicated in this case. The Complaint does not contain one single reference to a statement made by Debtor to Defendant in furtherance of the alleged fraud. Why? – because Debtor has never met Plaintiff nor had one single oral or written communication with him. The substance of Plaintiff's allegations of fraudulent conduct by Debtor is "... Defendant (Debtor) was at all relevant times aware that Plaintiff's money had been obtained by fraud ..." (Complaint ¶ 12) with the same charge taking a different form elsewhere where it is alleged "She knowingly took stolen money [belonging to Plaintiff] that Tringham gave her" (Complaint, para. 12(a)-)b). These allegations do not satisfy the rigorous pleading standards required under FRBP 9(b). See In re Harmonic, Inc. 2002 WL 31974384 (D.C. Ca. 2002) (a plaintiff must do more than just state which statement he believed in was false; he must explain why the disputed statement was untrue at the time it was made).

Similarly, the Complaint references alleged misuses and/or transfers of Plaintiff's monies. However, where is any of the required substantiation that monies received by Debtor were wrongful

F. BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

5.

printed on recycled paper

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT    ADV. NO. 09-01865

or constituted property of the Plaintiff? It is simply not in the Complaint. In fact, the complaint supports the conclusion that Plaintiff cannot satisfy his burden of alleging with particularity that Debtor used his monies. Specifically, the Complaint states " ... Plaintiff is informed and believes that Tringham and Debtor purchased with funds stolen from Plaintiff **and/or other victims** of their fraudulent investment scheme ... " (Complaint ¶ 12) (emphasis added).

The SEC and Federal Actions **make clear** Tringham dealt with **many** people separate and apart from Plaintiff. The Complaint utterly fails to provide any meaningful nexus between Debtor and Plaintiff. See Filler v. Hanvit Bank, 2003 WL 22110773 (D.C. N.Y. 2003)(the knowledge and requirement for aiding and abetting fraud is a higher degree of scienter than is required for fraud liability; the plaintiff must make allegations that can support a strong inferenece of fraudulent intent);Lewis v. Hermann, 775 F.Supp. 1137, 1152 (D.C. Ill. 1991)(the elements of aiding and abetting are: 1)primary fraud must have occurred, 2) the abettor had a duty to disclose the truth, 3) the abettor failed to do so, 4) the aider, abettor, or conspirator committed one of the manipulative or deceptive acts or otherwise met the standards of direct liability). It would appear based upon the paucity of competent allegations in this case and the Plaintiff's actions in the state court that the Complaint is nothing more than a pretext for a grand "fishing" expedition. Fishing expeditions are not permitted by applicable case law and are properly subject to being quashed.

**B. PLAINTIFF HAS FAILED TO PLEAD SECTION 523(A)(2)(A) WITH PARTICULARITY**

Exceptions to discharge are narrowly construed in furtherance of the Bankruptcy Code's "fresh start" policy and in favor of the debtor. See Palmacci v. Umpierrez, 121 F.3d 781, 786 (1st Cir. 1997). To establish that a debt is non-dischargeable under Section 523(a)(2)(a), the objecting creditor must prove the following elements: 1) the debtor made a knowingly false representation; 2) the

debtor did so with fraudulent intent, i.e., with "scienter"; 3) the debtor intended to induce the creditor to rely on the misrepresentation; 4) the misrepresentation induced reliance; 5) reliance was justifiable; and 6) reliance on the misrepresentation caused damage (pecuniary loss) supra at Palmacci, 121 F.3d at 786. In the case herein and for the reasons set forth above, the Plaintiff has failed to adequately plead these elements of fraud necessary to satisfy the standards of Section 523(a)(2)(a).

As stated above, a complaint alleging fraud must state the circumstances constituting fraud with particularity FRCP 9(b). The Court in O.P.M. Leasing Services, Inc., 32 B.R. 199 (Bankr. S.D.N.Y. 1983) established a three-part test for pleading fraud with particularity. The plaintiff must allege: 1) specific facts; 2) sources that support the alleged specific facts; and 3) a basis from which an inference of fraud may be fairly drawn. The Complaint utterly fails to meet any of the three prongs of the test. First, the Complaint alleges no specific facts whatsoever with respect to any of the claims set forth. Secondly, when fairly read, the Complaint identifies no sources that support the alleged specific facts. Thirdly, in light of the absence of any specific facts or sources that support those alleged facts there is no basis from which any inference of fraud may be fairly drawn from the bare bones allegations of the Complaint. See Luce v. Edelstein, 802 F.2d 49,54 (2d Cir. 1984)(fraud must specify the time, place, speaker and content of the misrepresentation); In re GlenFed Sec. Litigation, 42 F.3d 1541, 1547 (9th cir. 1994); In re Potter, 88 B.R. 843, 847 (N.D. Ill. 1988) (allegations merely tracking statutory language and allegations on information and belief not accompanied by facts upon which the belief is founded are not sufficient to state a claim for fraud).

### C. PLAINTIFF HAS FAILED TO PLEAD SECTION 523(A)(6) WITH PARTICULARITY

As set forth above, Plaintiff has failed to satisfy the three part test for establishing fraud under Section 523(a)(2)(a). Similarly, Plaintiff fails to adequately plead with specificity the willful or

BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-0070

-7-

printed on recycled paper
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT    ADV. NO. 09-01865

malicious conduct necessary to establish a claim under Section 523 (a)(6). Section 523(a)(6) provides in relevant part that: " a discharge under section 727 …. Of this title does not discharge an individual debtor from any debt – (6) for willful or malicious injury by the debtor to another entity or to the property of another entity. The Supreme Court provided in In re Geiger, 523 U.S. 57, 60 (1988) that a proscribed action under Section 523(a)(6) of the Code refers to not a negligent or reckless act but rather an act rising to the level of an intentional tort. The Geiger Court raised the formerly relaxed standard in the Ninth Circuit for what must be proved to constitute a non-dischargeable action under Section 523(a)(6). Further, the Geiger court stated that to prove an act to be willful and malicious requires the plaintiff to adequately allege and prove the act and intent to act. Neither one of these specific requirements is met by Plaintiff in the complaint. See Ditto v. McCurdy, 510 F.3d 1070 (9th Cir. 2007); In re Peklar, 260 F.3d 1035, 1038 (9th Cir. 2001).

Nor can Plaintiff claim the default judgment in the State Action has any res judicata effect in this bankruptcy case. Plaintiff's reliance on the doctrine of res judicata and/or its closely related cousin for pleading purposes is wholly misplaced. To claim collateral estoppel under California law: 1) the issue sought to be precluded from litigation must be identical to that litigated in the former proceeding; 2) the issue must have actually been litigated in the former proceeding; 3) the issue must have been necessarily decided in the former proceeding; 4) the decision in the former proceeding must have been final and on the merits; and 5) the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding. Lucido v Sup. Ct, 51 Cal.3d 335, 341, cert. denied, 500 U.S. 920 (1991).

In the State Action, <u>no issues related to the substantive allegations of the complaint were ever litigated</u>. Further, an appeal was pending when this bankruptcy case was filed. <u>California law is settled that pending appeal, a trial court judgment is not final and will not be given res judicata effect</u>.

CCP Section 1049, In re Turner, 204 B.R. 988 ((9th Cir. BAP 1997). Thus, Plaintiff cannot rely upon a default judgment on appeal but must instead adequately allege in this case facts sufficient to state a claim for willful and malicious injury. Plaintiff has failed to carry this burden in Count II of the Complaint.

### D. PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Bankruptcy Rule 7012(b) states that Federal Rule of Civil Procedure ("F.R.C.P.") 12(b) applies in adversary proceedings. F.R.C.P. 12(b)(6) authorizes a defense of "failure to state a claim upon which relief can be granted" to be brought by motion. Under F.R.C.P. 12(b)(6), a complaint may be dismissed if the facts pleaded demonstrate that relief cannot be granted by the court as a matter of law. Rutman Wine Company v. Gallo Winery, 829 F.2d 729 (9th Cir. 1987). In deciding a 12(b)(6) motion, a court must accept all factual allegations in the complaint as true, Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993), and must also construe all reasonable inferences in the light most favorable to the plaintiff. See Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003).

To further the inquiry, however, courts may consider documents outside the pleadings without the proceeding turning into summary judgment. See Branch v. Tunnell, 14 F. 3d 449, 453 (9th Cir. 1994), reversed on other grounds. This rule is intended to prevent "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998), superseded on unrelated grounds. Thus, as per Parrino, consideration of the Declarations and Exhibits accompanying this Motion is properly given in that other contemporaneous documents are annexed to the Complaint and the Default Judgment is the gravamen of the Complaint. Therefore, as stated in Parrino, "a district court

BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

printed on recycled paper

ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." Id. at 706. Consideration of the facts and exhibits in this case support a finding that Plaintiff has failed to adequately state a claim upon which relief may be granted.

## IV.

## CONCLUSION

Plaintiff appears to be relying upon a relaxed pleading standard that is not supported by either the case law or applicable rules of civil procedure cited above. Rather, pleading fraud requires a very rigorous standard which has simply not been met by Plaintiff. Similarly, the heightened standards for pleading willful and malicious conduct are also not met. "Grand fishing expeditions" such as that sought by Plaintiff herein are very much frowned upon and should be quashed. Plaintiff has already had an additional opportunity to plead facts to support his claims. However, apart from raising false and incorrect facts, Plaintiff has utterly failed to provide anything new of substance. Therefore, Debtor respectfully requests this Court to enter an Order to (1) dismiss the Complaint under Federal Rules of Bankruptcy Procedure 7009(b) and 7012 with prejudice, (2) reasonable costs and attorneys' fees, and (3) for such other and further relief as may be just and equitable.

Respectfully submitted,

DEBTOR, HUI WANG

By: /s/ Keith W. Berglund

Attorneys for Debtor

Dated: November 17, 2010

-10-