1  Keith Berglund (State Bar No.207649)
2  Steve Wegner(State Bar No. 58585)
   The Berglund Group
3  149 S. Barrington Ave.
   Suite 181
4  Los Angeles, Ca. 90049
   Telephone: 310-567-6070
5  Facsimile: 310-564-0327

6  Attorneys for Debtor



```
FILED

NOV 17 2009

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:              Deputy Clerk
```

7

8

9        UNITED STATES BANKRUPTCY COURT

10   CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

11  In re                        ) CASE NO. 2:09-bk-19641-ER
                                 )
12  HUI WANG,                    ) Chapter 11
                                 )
13                               )
                                 )
14  ─────────────────────────── )
                                 )
15  JUERGEN VOTTELER             ) Adv. No. 09-bk-01865-ER
                                 )
16        Plaintiff,             )
                                 )
17                               )
    v.                           ) **DECLARATION OF KEITH**
18                               ) **BERGLUND IN SUPPORT OF**
    HUI WANG                     ) **MOTION TO DISMISS FIRST**
19                               ) **AMENDED COMPLAINT**
          Defendant.            )
20                               )
                                 ) Date:      January 12, 2010
21                               ) Time:      10:00 a.m.
                                 ) Ctrm:      1568, 15ᵗʰ Floor
22                               )            255 E. Temple Street
                                 )            Los Angeles, Ca.
23                               )
                                 )
24                               )
                                 )
25                               )
                                 )
26                               )
                                 )
27  ─────────────────────────── )

28

E BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

                                        1
DECLARATION OF BERGLUND IN SUPPORT OF MOTION TO DISMISS    ADV. NO. 09-01865

I, the undersigned, declare as follows in support of the Motion to Dismiss the non-dischargeability complaint (the "Complaint"):

I, the undersigned, declare as follows in support of the Motion to Dismiss the First Amended Complaint (the "Motion"):

1. I was the attorney at one time or the other for each of the Defendants in the underlying state action (Case No. KC 050973) (the"State Action") and have personal knowledge of each fact stated herein.

2. The initial Complaint in the State Action was filed against Robert Tringham ("Tringham") and Finbar Securities Corp. ("Finbar") by Plaintiff Juergen Votteler ("Plaintiff") on or about July 11, 2007. A true and correct copy of the complaint (without exhibits) is attached hereto as Exhibit "A". The Complaint involved a wealth management agreement by and between Finbar and the Plaintiff pursuant to which Tringham was directing investment of roughly $3,000,000.00 of Plantiff's monies. Tringham was one of the principals of Finbar.

3. At the outset of the Case, while Tringham and Finbar were not represented by counsel, Plaintiff obtained a writ of attachment (the "Writ") against each. I began representing Tringham and Finbar on or about August 1, 2007 and filed, among other pleadings, a Motion to Reconsider the granting of the Writ (the "Motion to Reconsider"). Based on settlement discussions between the parties, the Motion to Reconsider was voluntarily withdrawn. This was but one of several settlement discussions that took place during the pendency of the Case.

4. The August 2007 settlement discussions did not result in a resolution of the State Action. On or about September 27, 2007, the Plaintiff amended the Complaint (the "Amendment") to include, inter alia, Hui Wang ("Debtor"). A true and correct copy of the Amendment is attached hereto as Exhibit "B".

5. On or about October 31, 2007, I first became aware that the Plaintiff had filed a Request for Entry of Default (the "Request") against Debtor. I was not representing Debtor at the time the Request was filed. A true and correct copy of the Request is attached hereto as

E BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

printed on recycled paper

DECLARATION OF BERGLUND IN SUPPORT OF MOTION TO DISMISS     ADV. NO. 09-01865

Exhibit "C". On or about November 4, 2007, I agreed to represent the Debtor in the State Action.

6. Prior to recordation of the Request, on or about November 5, 2007, I filed on behalf of Debtor answer and affirmative defenses denying the allegations of the Amendment (the "Answer"). The Clerk's office accepted the Answer and collected the filing fee. A true and correct copy of the Answer is attached hereto as Exhibit "D".

7. Ultimately, the Request was entered in the record notwithstanding the filing of the Answer and acceptance by the Clerk of the filing fee. Since a second round of settlement discussions were taking place between Tringham and the Plaintiff, each side agreed to forbear from filing substantive pleadings until December of 2007.

8. The second round of settlement discussions did not result in a resolution of the State Action. Thus, on or about January 22, 2008 (well within the six month period allowed under the CCP), I filed on behalf of Debtor a Motion to Vacate the Entry of Default and/or Quash Summons with the Court (the "Motion to Vacate"). A true and correct copy of the Motion to Vacate is attached hereto as Exhibit "E".

9. On February 26, 2008, the Court held a hearing and denied the Motion to Vacate. Ultimately, a formal default judgment was entered against Debtor on July 23, 2008. The amount of the default judgment entered against Wang was $3,427,135.24(an amount different than the other Tringham Defendants). A true and correct copy of the default judgment is attached to the Complaint as Exhibit "A".

10. An appeal was filed on behalf of Debtor (again, well within the prescribed time under applicable state law) on September 19, 2008 (Case No. B211007) (the "Wang Appeal"). The Wang Appeal was consolidated with the appeal of the Tringham Defendants. A true and correct copy of the Wang Appeal is attached hereto as Exhibit "F".

11. The basis for the Wang Appeal was simple and direct. First, did the Court in the State Action err in finding that Debtor had been served. Secondly, was the Court in error in the State Action in granting a default judgment against Debtor and in denying the Motion to Vacate under, inter alia, CCP Section 473 and due process grounds under each of the federal and California state constitution.

12. Subsequent to the filing of the appeal, the SEC has filed a Complaint against Tringham and Finbar (and not Debtor) in the United States District Court for the Central District of

DECLARATION OF BERGLUND IN SUPPORT OF MOTION TO DISMISS     ADV. NO. 09-01865

E BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

California (Case No. 09 CV 2325) and received a TRO and preliminary injunction against the Tringham Defendants. In addition, Tringham was indicted and is presently awaiting trial on federal criminal charges relating to securities violations on matters and alleged creditors not relating to Plaintiff.

13. By virtue of the separate and independent nature of Plaintiff's claim (which Debtor vociferously denies) against Debtor, Debtor filed a Motion to Bifurcate the Wang Appeal separate and apart from the Tringham Defendants on or about April 13, 2009 ("Motion to Bifurcate"). The Motion to Bifurcate was granted by the Appellate Court on June 4, 2009 (the "Appeal Order"). The Appeal Order also stayed the Wang appeal pending resolution of the Debtor's bankruptcy case. A true and correct copy of the Appeal Order is attached hereto as Exhibit "G".

14. The Complaint is the only non-dischargeability adversary proceeding that has been filed against Debtor in the bankruptcy case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: November 16, 2010 at  Los Angeles, California

By: _____

E. BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

printed on recycled paper

DECLARATION OF BERGLUND IN SUPPORT OF MOTION TO DISMISS    ADV. NO. 09-01865

EXHIBIT "A"    (5)

1 | PICKER, CHOW & FREISLEBEN, LLP
  | ALAN FREISLEBEN (Bar No. 82008)
2 | TODD A. PICKER (Bar No. 132905)
  | 3333 Michelson Drive, Suite 400
3 | Irvine, California 92612
  | Telephone: (949) 622-8822
4 | Facsimile: (949) 622-8833

5 | DALE E. FREDERICKS (Bar No. 049432)
  | 1333 N. California Blvd.
6 | Suite 545
  | Walnut Creek, CA 94596
7 | Telephone: (925) 938-9098
  | Facsimile: (925) 943-1164

8 |
  | Attorneys for Plaintiff JUERGEN VOTTELER
9 |

**ORIGINAL FILED**

JUL 11 2007

LOS ANGELES
SUPERIOR COURT

CASE ASSIGNED FOR
ALL PURPOSES TO
JUDGE PETER J. MEEKA
DEPT. O

SUMMONS ISSUED & FILED

10 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

11 | FOR THE COUNTY OF LOS ANGELES

12 |

13 | JUERGEN VOTTELER,

14 | Plaintiff,

15 | vs.

16 | FINBAR SECURITIES CORP., a California
   | corporation; ROBERT J. TRINGHAM, an
17 | individual; ARTHUR GOMAA, an
   | individual; JENNIFER MA, an individual;
18 | and DOES 1-50, Inclusive,

19 | Defendants.

20 |

21 |

22 |

CASE NO.    **KC050973**

**COMPLAINT FOR:**

(1)  FRAUD;
(2)  CONVERSION;
(3)  MONEY HAD AND RECEIVED;
(4)  IMPOSITION OF CONSTRUCTIVE TRUST;
(5)  BREACH OF WRITTEN CONTRACT;
(6)  RESCISSION OF WEALTH MANAGEMENT AGREEMENT;
(7)  UNJUST ENRICHMENT
(8)  APPOINTMENT OF A RECEIVER
(9)  PRELIMINARY AND PERMANENT INJUNCTIONS

23 | COMES NOW, Plaintiff JUERGEN VOTTELER, (hereinafter referred to as "Plaintiff")

24 | and alleges as follows:

25 | **THE PARTIES**

26 | 1.    Plaintiff is, and was, at all relevant times a citizen of Germany and a resident of

27 | Stuttgart, Germany.

28 | 2.    Defendant Finbar Securities Corp. (hereinafter referred to as "Finbar") is, and

-1-
COMPLAINT

PPCF_NB:57093.1

(6)

1  was, at all times since its formation on March 17, 2006, a California Corporation with its

2  principal place of business in the County of Los Angeles, State of California.

3      3.    Defendant Robert J. Tringham (hereinafter referred to as "Tringham") is, and was,

4  at all relevant times an individual who Plaintiff is informed and believes is a citizen of the United

5  Kingdom who has conducted extensive business activity in the County of Los Angeles, State of

6  California since at least early 2006.  Plaintiff is further informed and believes that Tringham was

7  and is Finbar's president, chief executive officer, chief financial officer, secretary, a director, and

8  its principal and controlling shareholder.

9      4.    Defendant Arthur A. Gomaa (hereinafter referred to as "Gomaa") is, and was, at

10  all relevant times an individual who Plaintiff is informed and believes resides and/or has

11  conducted business in the County of Los Angeles, State of California.  Plaintiff is further

12  informed and believes that Gomaa was an officer of Finbar and is one of its shareholders.

13      5.    Defendant Jennifer Ma (hereinafter referred to as "Ma") is, and was, at all relevant

14  times an individual who Plaintiff is informed and believes resides and/or has conducted extensive

15  business in the County of Los Angeles, State of California, related to the subject matter of this

16  action, and at all relevant times was an officer and/or employee of Finbar.

17      6.    Defendants DOES 1 through 50 inclusive, whether individual, corporate,

18  associate, or otherwise, whose true names and capacities are unknown at this time, are sued by

19  these fictitious names.  Plaintiff is informed and believes and thereupon alleges that, at all times

20  herein mentioned, each of the defendants sued herein as DOES 1 through 50 was the agent,

21  servant, and/or employee of each and every other defendant herein and, in doing the things

22  hereinafter mentioned, was acting in the scope of his, her or its authority as such agent, servant,

23  and/or employee, and with the permission, consent, and/or ratification of each and every other

24  defendant herein; and that each of said fictitiously named defendants, whether an individual,

25  corporation, association or otherwise, is in some way liable or responsible to the Plaintiff on the

26  facts hereinafter alleged and proximately caused the injuries and damages as hereinafter alleged.

27  At such time as the defendants' true names become known to Plaintiff, this Complaint will be

28  amended to insert said true names and capacities.

-2-
COMPLAINT

7.    Plaintiff is informed and believes that at all times relevant to this Complaint, each defendant was the agent, servant, joint venturer, partner, employee, or representative of each other defendant and, in doing the acts described herein, was acting within the course and scope of that relationship.

8.    Plaintiff is informed and believes that Tringham, Gomaa, and DOES 1-10 are the equitable owners of defendant Finbar and DOES 11-20, that Finbar and the said DOE corporate and/or other DOE entity defendants are shell entities who are undercapitalized and have failed to adhere to applicable corporate and required business formalities. Said corporate and entity defendants are the alter egos of defendants Tringham and Gomaa. Plaintiff is informed and believes that defendants Tringham, Gomaa, and DOES 1-10 have used such shell entities for the purpose of perpetuating a fraud on Plaintiff and others and therefore the separate corporate and/or other entity existence of said DOE defendants should be disregarded.

9.    The Court has subject matter jurisdiction because the potential amount of damages and civil penalties are within the jurisdictional amount of the Superior Court of California. The court further has jurisdiction to issue pendente lite injunctive relief pursuant to Civ.Proc.Code §§ 525-534; appoint a receiver pursuant to Civ.Proc.Code § 564; issue a writ of attachment pursuant to Civ.Proc.Code §§ 481.010-493.060); and to order deposit in court of funds belonging to Plaintiff pursuant to Civ. Proc. Code §§ 572-574.

10.    The Court has personal jurisdiction over the defendants as they are either residents of the State of California, or transact a substantial portion of their business within the State of California, or engaged in activities outside California that were intended to and did cause direct damage to Plaintiff in California and Germany. Defendants, and each of them, have transacted extensive business in California related to the subject matter of this action.

11.    Venue is proper because one or more of the defendants reside in, can be found in, or engaged in wrongful acts related to the subject matter of this action, and otherwise conducted and are conducting business in the County of Los Angeles, committed many of the acts complained of herein within the County of Los Angeles, and/or the contractual obligations were to be performed within the County of Los Angeles.

COMPLAINT

PPCF_NB:57093.1

(8)

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1

2    12.    Plaintiff hereby incorporates by this reference Paragraphs 1 through 11 as

3 though set forth herein.

4    13.    Commencing in late April 2006 Defendants approached Plaintiff through their

5 agent and authorized representative in Germany, Matthias Dievenkorn, for the purpose of

6 inducing Plaintiff to invest money with Finbar.  Defendants represented that Finbar was a

7 securities dealer licensed by the U.S. Securities and Exchange Commission ("SEC"), and the

8 National Association of Securities Dealers ("NASD"), was closely regulated by those agencies,

9 and that it had been in business since 1987.  Defendants also claimed that Finbar was highly

10 successful and had offices throughout the United States.

11    14.    Defendants further represented that in connection with Finbar's investment

12 activities the company utilized National Financial Services, Inc., a subsidiary of Fidelity

13 Investments, as a clearinghouse for its transactions.

14    15.    Defendants represented that Plaintiff was eligible to participate in a high yield,

15 risk-free investment opportunity upon the deposit of the minimum investment amount.  Plaintiff

16 was told that the minimum investment required was €1,000,000.  Defendants claimed that the

17 yield on Plaintiff's investment would be generated through the trading of bonds and notes, debt

18 instruments, precious metals (gold and silver in the "GLD" system), derivatives and other

19 instruments in order to obtain a minimum profit margin per contract of "100 basis points."

20 Defendants represented that Finbar would not engage in a transaction on behalf of Plaintiff that

21 did not produce an assured minimum profit per contract of "100 basis points," and that such

22 profits were to be divided 50% to Finbar and 50% to Plaintiff.  Defendants represented that any

23 funds deposited with Finbar would be held in a "multi-currency" account at the Bank of America.

24 Plaintiff was also told that if he proceeded with the investment a margin account would be

25 opened in his name with National Financial Services.

26    16.    Defendants represented to Plaintiff that the money invested by him at Finbar

27 would not be used for trading but instead would remain under his complete and total control.

28 According to Defendants Finbar would conduct investment activities by taking out loans and

-4-

1  using the loan proceeds for actual trading activities on behalf of Plaintiff. Plaintiff was advised

2  that his investment funds would be maintained in various dedicated accounts opened on his

3  behalf by the Defendants at Finbar.

4      17.    On or about July 7, 2006, in reliance upon the representations made by the

5  Defendants, Plaintiff executed a document prepared by Finbar entitled Wealth Management

6  Agreement, a true and correct copy of which is attached hereto as Exhibit "A." On or about July

7  14, 2006, defendant Tringham executed said Wealth Management Agreement on behalf of

8  Finbar. At or about the same time Plaintiff wire transferred €1,000,000.00 to the Bank of

9  America for deposit to an account owned by Finbar at Bank of America.

10     18.    The Wealth Management Agreement provides, in part, that Finbar would establish

11 a designated account for Plaintiff, include Plaintiff in Finbar's investment activities, and make

12 monthly distributions of profits to any bank account of Plaintiff's designation. The agreement

13 further provides that an account number had been established by Defendants for Plaintiff, Finbar

14 Account No. EB30110, and that he would have continuous Internet access to this account.

15     19.    Between August and October 2006, Defendants represented that Plaintiff had

16 earned profits each and every month on his Finbar account, and that said profits had already

17 exceeded $200,000.

18     20.    In reliance upon the representations made by Defendants, Plaintiff made a second

19 investment of €831,554.00 on October 26, 2006, and executed an amended Wealth Management

20 Agreement with Finbar, a true and correct copy of which is attached hereto as Exhibit "B."

21 Defendants further represented that by this additional investment amount, Plaintiff's account

22 balance was then €2,000,000.

23     21.    On or about April 27, 2007, Defendants represented that the value of Plaintiff's

24 account was $3,873,685.50. A true and correct copy of the said account statement is attached

25 hereto as Exhibit "C."

26              ## FIRST CAUSE OF ACTION FOR FRAUD

27                    **(Against All Defendants)**

28     22.    Plaintiff hereby incorporates by this reference Paragraphs 1 through 21 as

-5-

1  though set forth herein.

2       23.    The representations made by Defendants as described above were false. Plaintiff
3  is informed and believes that the true facts are that Finbar has not been in business since 1987,
4  but was instead established in March 2006. Finbar did not have offices throughout the United
5  States but rather maintained only a mail drop address in Diamond Bar and in West Covina.
6  Plaintiff is further informed and believes that Finbar is not a licensed securities dealer anywhere.
7  Plaintiff is further informed and believes that neither Finbar nor any of its principals are licensed
8  or registered brokers, dealers, or investment advisers with either the SEC, NASD, or the State of
9  California, nor are any of the Defendants experienced investment advisers.

10      24.    Plaintiff is informed and believes that Finbar does not now, nor has it ever, had a
11 business relationship with National Financial Services. Plaintiff is further informed and believes
12 that Defendants never opened a margin account, or any other type of account, on his behalf with
13 National Financial Services.

14      25.    Plaintiff is informed and believes that Defendants never opened a client account
15 on his behalf or engaged in any legitimate trading and/or investment activities referenced and/or
16 promised in the Wealth Management Agreement, or amendment thereto.

17      26.    In December 2006, Plaintiff attempted to withdraw €1,000,000 from his Account
18 EB30110 and explained that he would re-invest said amount during January 2007. Defendants
19 failed and refused to remit said amount. Upon Plaintiff's further demand, Defendants'
20 representative indicated that Finbar would agree to "loan" €1,000,000 to Plaintiff for one month,
21 to which arrangement Plaintiff reluctantly agreed, but Defendants and each of them failed and
22 refused to document, consummate or complete any such loan or otherwise remit the requested
23 €1,000,000 to Plaintiff.

24      27.    Defendants have failed and refused to make any profit distributions or any other
25 payments demanded by Plaintiff to a bank account of Plaintiff's designation. For example, on or
26 about January 12, 2007, Plaintiff attempted to withdraw €250,000 from his account EB30110 at
27 Finbar. Dievenkorn represented that said sum had been wire transferred to Plaintiff's designated
28 bank. No such wire transfer was made. Instead, Dievenkorn on Defendants' behalf falsely

PPCF_NB:57093.1

1   represented to Plaintiff that the year 2006 was accidentally put on their bank transfer request

2   instead of 2007, which explained the failure of the bank transfer. On or about January 24, 2007

3   Plaintiff again attempted to withdraw €250,000 from his account. Again, Defendants'

4   representative sent Plaintiff an email stating that the wire transfer was made, but in fact no wire

5   transfer was completed. Defendants once more falsely represented to Plaintiff that the city of

6   Frankfurt had been accidentally written on the bank transfer instead of Stuttgart, such error

7   causing the bank transfer to fail. However, Plaintiff confirmed with Dresdner Bank that this type

8   of error would not have been a problem if the SWIFT and IBAN were correct. Defendants never

9   attempted to remit the $250,000 demanded by Plaintiff in January 2007.

10      28.     Plaintiff has been given only limited and sporadic online access to his alleged

11   account with Finbar. On March 26, 2007, Plaintiff emailed John Wiley ("Wiley"), the Customer

12   Service Manager for Finbar's online accounts, advising him that Plaintiff still did not have access

13   codes for his account. On March 28, 2007, Wiley emailed Plaintiff stating that the computer

14   system had encountered an unexpected difficulty in processing Plaintiff's log in codes and as a

15   result Finbar would need to renew Plaintiff's log in validation. Wiley represented to Plaintiff

16   that his colleagues in "programming" would be contacting Plaintiff to facilitate this additional

17   requirement. However, as of April 4, 2007 Plaintiff was still waiting to start the next procedure

18   for the new access codes, as the last two procedures had failed to produce a working access code.

19   By April 16, 2007, Plaintiff still had not received a new access code that worked and was advised

20   by email from Heather Hindley, a programmer for Finbar's programming department, that they

21   would be resetting Plaintiff's access code and generating a new one the next day. Plaintiff still

22   has not received a new access code for his account. Plaintiff is informed and believes that such

23   intermittent Internet account access has been arranged by Defendants, and each of them, for the

24   purpose of confusing and blaming Plaintiff for lack of information that Finbar is legally required

25   to supply.

26      29.     With the exception of one distribution for €40,000.00 received by Plaintiff on

27   October 23, 2006, Plaintiff has not received any other distribution for his 50% share of the

28   monthly net profits.

30.     Prior to the time Plaintiff decided to invest money at Finbar, defendants Finbar, Tringham and Gomaa failed to disclose that on or before March 31, 2006, Tringham and various of his other companies were the subjects of a criminal investigation being pursued by the Internal Revenue Services Criminal Investigation division in conjunction with the United States Attorney's office in Los Angeles, and that the United States had brought a civil asset forfeiture action over Tringham's assets in United States District, Central District of California, Civil No. CV06-1971, on March 31, 2006, related to another business fraud in which Tringham was the principal participant.

31.     Prior to the time Plaintiff decided to invest money at Finbar, defendants Finbar, Tringham and Gomaa failed to disclose that Tringham has been sued successfully in multiple other prior civil actions for fraud, and that multiple civil fraud actions were pending against Tringham and various companies he owned and/or controlled.

32.     Plaintiff reasonably relied on the representations made by the Defendants, that such representations were material to his decision to invest and enter into the Wealth Management Agreement, and the amendment thereto, and on the basis of the same he did in fact enter into the Wealth Management Agreement, the amendment thereto, and wire transferred €1,831,554.00 to a Finbar account at Bank of America owned and controlled by Finbar and the other Defendants. Plaintiff would not have invested any money with Finbar had the true facts been disclosed to Plaintiff.

33.     Plaintiff is informed and believes that Tringham, Gomaa and DOES 1-10 approved of, participated in, and ratified each of the false and/or misleading statements made to Plaintiff.

34.     Plaintiff is informed and believes that Finbar, Tringham, Gomaa and the other Defendants, singly and/or in combination, have stolen, converted to their own use, or otherwise misappropriated all of Plaintiff's money.

35.     As a result of Defendants' misrepresentations Plaintiff has been damaged in the amount of €1,831,554.00 plus interest and related expenses incurred and to be incurred in pursuit of recovery of its funds in an amount subject to proof.

-8-

1      36.    Defendants' actions were despicable, malicious, oppressive, willful and

2   fraudulent with intent to, and did, deprive Plaintiff of monies invested in an account that Plaintiff

3   retained no control over, or had access to, and for which he received almost no profit

4   distributions.  Such actions were done with conscious disregard of Plaintiff's rights and with

5   intent to vex, injure, and annoy Plaintiff such as to constitute oppression, fraud and/or malice

6   under Code of Civil Procedure Section 3294, entitling Plaintiff to an award of punitive damages.

7                    **SECOND CAUSE OF ACTION FOR CONVERSION**

8                                **(Against All Defendants)**

9      37.    Plaintiff hereby incorporates by this reference Paragraphs 1 through 36 as

10  though set forth herein.

11     38.    Defendants' taking of the investment funds totaling €1,831,554.00 belonging to

12  Plaintiff under false pretenses for their own use was wrongful and constitutes a conversion.

13     39.    Defendants' conversion of the Plaintiff's property has and will continue to

14  cause Plaintiff to suffer irreparable harm, including, but not limited to, loss of €1,831,554.00

15  plus interest and related expenses incurred, and to be incurred, in pursuit of recovery of its funds

16  unless this Court issues an order mandating the immediate return of the monies improperly held

17  into the Finbar account, access to said account being blocked from Plaintiff by Finbar, Tringham

18  and Gomaa.

19     40.    Between the time of Defendants' conversion of Plaintiff's property and the filing

20  of this action, Plaintiff has expended considerable time and financial resources to recover the

21  converted funds, all to Plaintiff's further damage.

22     41.    Defendants' actions in converting Plaintiff's monies were despicable,

23  malicious, oppressive, willful and fraudulent with intent to, and did, deprive Plaintiff of the

24  monies which were to be held in a Finbar account that Plaintiff continues to have no access to

25  and for which he has not received any profit distributions since October 2006 and as to which

26  Finbar, Tringham, Gomaa and the other Defendants refuse to return the principal invested or any

27  portion thereof.  Defendants' actions were done with conscious disregard of Plaintiff's rights and

28  with intent to vex, injure, and annoy Plaintiff such as to constitute oppression, fraud and/or

PPCF_NB:57093.1

(14)

1   malice under Code of Civil Procedure Section 3294, entitling Plaintiff to an award of punitive

2   damages.

## THIRD CAUSE OF ACTION FOR MONEY HAD AND RECEIVED

### (Against All Defendants)

42.   Plaintiff hereby incorporates by this reference Paragraphs 1 through 41 as
though set forth herein.

43.   Defendants became indebted to Plaintiff when they wrongfully induced Plaintiff
to wire transfer investment funds of €1,831,554.00 to accounts owned and/or controlled by
them.

44.   Plaintiff has requested that the funds allegedly on deposit with Defendants and
wrongfully converted by them be returned.  Defendants have refused.

45.   As of the filing of the instant Complaint, Defendants have not provided Plaintiff
with access to his money, nor have they returned the funds fraudulently obtained from Plaintiff.
Defendants now owe Plaintiff the sum of €1,831,554.00, with interest on that amount at the
legal rate.

## FOURTH CAUSE OF ACTION FOR IMPOSITION OF CONSTRUCTIVE TRUST

### (Against All Defendants)

46.   Plaintiff hereby incorporates by this reference Paragraphs 1 through 45 as though
set forth herein.

47.   Plaintiff reasonably relied on the representations made by the Defendants, and on
the basis of the same he did in fact enter into the Wealth Management Agreement, the
amendment thereto, and wire transferred €1,831,554.00 to a Finbar account at Bank of America
owned and controlled by Finbar and the other Defendants.

48.   Plaintiff is informed and believes that Finbar, Tringham, Gomaa, and the other
Defendants, singly and/or in combination, have stolen, converted to their own use, or otherwise
misappropriated all of Plaintiff's money.

49.   Defendants' taking of the investment funds totaling €1,831,554.00 belonging to
Plaintiff under false pretenses for their own use was wrongful and constitutes a conversion.

PPCF_NB:57093.1

(13)

1    50.    Plaintiff has requested that the funds allegedly on deposit with Defendants and
2    wrongfully converted by them be returned. Defendants have refused.

3    51.    By virtue of Defendants' wrongful acts, Defendants hold the converted funds in
4    the amount of €1,831,554.00, in trust for Plaintiff, as constructive trustees for the benefit of
5    Plaintiff, with a duty to convey said funds to Plaintiff.

6    ## FIFTH CAUSE OF ACTION FOR BREACH OF WRITTEN CONTRACT
7    ### (Against Defendants Finbar, Tringham, Gomaa and Does 1-50)

8    52.    Plaintiff hereby incorporates by this reference Paragraphs 1 through 51 as
9    though set forth herein.

10    53.    Plaintiff has made repeated demands for online access to his account information,
11    and for copies of the books and records relating to the Wealth Management Agreement,
12    including but not limited to the calculation of fees and payments for his inspection. Finbar has
13    failed and refused to provide such access or information.

14    54.    Defendants have breached the Wealth Management Agreement and amendment
15    thereto by failing to timely account to Plaintiff for his money invested at Finbar, by failing to
16    grant Plaintiff timely access to the books and records of Finbar relating to his account, by failing
17    to remit monies due and owing to Plaintiff pursuant to the terms of the Wealth Management
18    Agreement, and as a matter of law, by failing to open a client account at Finbar dedicated to
19    Plaintiff's sole use and benefit, by falsely claiming to have opened a margin account with
20    National Financial Services, by not engaging in legitimate investment activities as specified
21    therein, and failing to make monthly distributions to Plaintiff of his 50% share of the net profits
22    and other acts alleged herein and subject to proof. According to Defendants as of April 20, 2007,
23    the total value of Plaintiff's accounts was $3,814,777.25, but Defendants have failed and refused
24    to allow Plaintiff access to his account, and have failed to return any money to Plaintiff despite
25    repeated demands.

26    55.    As a direct result of Defendant's breach, Plaintiff has been damaged in an amount
27    subject to proof, including interest and related expenses incurred and to be incurred in pursuit of
28    recovery of its funds.

-11-

## SIXTH CAUSE OF ACTION FOR RESCISSION

### (As to Finbar)

56.    Plaintiff hereby incorporates by this reference Paragraphs 1 through 55 as though set forth herein.

57.    Plaintiff entered into the Wealth Management Agreement with Finbar based on oral written representations made by the Defendants that were false.  At the time Defendants made said representations, Plaintiff believed them to be true and in reasonable reliance on the same entered into the Wealth Management Agreement and amendment thereto.  In accordance with the agreement and in reliance on Defendants' representations Plaintiff wire transferred €1,831,554.00 to a Bank of America account in the name of Finbar owned and controlled by defendants Tringham and Gomaa.

58.    The execution of said agreement was procured through fraud, mistake, and/or duress.

59.    As a result of Defendants' actions Plaintiff has suffered and will continue to suffer substantial and irreparable harm and injury if the Wealth Management Agreement, and the amendment thereto, is not rescinded in that as a result of Defendants' conduct they have acquired Plaintiff's money through fraud, mistake and/or deceit, and have been unjustly enriched.

60.    Plaintiff intends the filing of this action to serve as notice of rescission of the Agreement and hereby offers to restore all remaining consideration furnished by Defendants, if any there be, on the condition that Defendants restore to Plaintiff the sums paid as alleged herein.

## SEVENTH CAUSE OF ACTION FOR UNJUST ENRICHMENT

### (Against All Defendants)

61.    Plaintiff hereby incorporates by this reference paragraphs 1 through 60 as though set forth herein.

62.    Plaintiff is informed and believes that Defendants have been unjustly enriched by virtue of the transfer of €1,831,554.00 from Plaintiff to the Finbar account at Bank of America, obtained by fraudulent means, or at minimum through mistake, which Plaintiff continues to have no access to and that Plaintiff is entitled to restitution of the same, plus interest

-12-

(17)

1  and costs and any capital gain, in an amount subject to proof.

2  **EIGHTH CAUSE OF ACTION FOR THE APPOINTMENT OF A RECEIVER**

3  **(Against All Defendants)**

4      63.    Plaintiff hereby incorporates by this reference paragraphs 1 through 62 as

5  though set forth herein.

6      64.    Plaintiff is the sole owner and entitled to return of the €1,831,554.00 wire

7  transferred into an account(s) at Bank of America held in the name of Finbar but which

8  account(s) are in fact owned and/or controlled by Tringham and/or Gomaa.

9      65.    At all times mentioned Plaintiff is informed and believes that Defendants were,

10  and still are, in complete control and management of the referenced funds and accounts.

11      66.    Plaintiff has demanded that his funds be returned.  Defendants have refused to

12  comply and have failed to account for Plaintiff's funds under their control.

13      67.    Plaintiff is informed and believes that Finbar was established for the purposes of

14  fraudulently inducing him and others to invest money that would in turn be stolen, converted,

15  and/or misappropriated by Finbar's principals, namely Tringham and/or Gomaa and DOES 1-10,

16  for their own personal consumption.  Plaintiff is further informed and believes that Defendants'

17  conduct is the subject of one or more criminal investigations.

18      68.    Unless a receiver is appointed and instructed to take possession of Finbar's

19  business, assets (and in particular bank accounts), and books and records, there is a substantial

20  and material risk that Defendants will cause any available funds and/or assets to be further

21  misappropriated, converted, moved,  removed from the jurisdiction of this Court, spent and/or

22  wasted.  A receiver is necessary to preserve and protect Plaintiff's funds.

23  **NINTH CAUSE OF ACTION FOR PRELIMINARY AND**

24  **PERMANENT INJUNCTIONS**

25  **(Against All Defendants)**

26      69.    Plaintiff hereby incorporates by this reference Paragraphs 1 through 68 as though

27  set forth herein.

28      70.    Plaintiff is informed and believes that Finbar was established for the purposes of

-13-
COMPLAINT

PPCF_NB:57093.1                    (18)

1  fraudulently inducing him and others to invest money that would in turn be stolen, converted,

2  and/or misappropriated by Finbar's principals, namely Tringham and/or Gomaa and DOES 1-10,

3  for their own personal consumption.

4       71.    In contravention of Defendants' representations and the terms of the Wealth

5  Management Agreement, Defendants have wrongfully and unlawfully refused to make the

6  monthly distributions of net profit to a bank account of Plaintiff's designation. Furthermore,

7  Defendants have denied Plaintiff all but intermittent access to and control over his alleged Finbar

8  account.

9       72.    Plaintiff is the sole owner and entitled to return of the €1,831,554.00 wire

10  transferred into an account(s) at Bank of America held in the name of Finbar but which

11  account(s) are in fact owned and/or controlled by Tringham and/or Gomaa.

12      73.    At all times mentioned Plaintiff is informed and believes that Defendants were,

13  and still are, in complete control and management of the referenced funds and accounts.

14      74.    Plaintiff has demanded that his funds be returned and/or that complete and total

15  access to his funds within his Finbar account be provided. Defendants have refused and still

16  refuse to comply and have failed to account for Plaintiff's funds under their control.

17      75.    It will be impossible for Plaintiff to determine the precise amount of damage that

18  he will suffer if Defendants' conduct is not restrained. As a proximate result of defendants'

19  wrongful conduct, Plaintiff has been damaged in the sum of €1,831,554.00. Plaintiff will be

20  further damaged in like manner so long as Defendants' conduct continues.

21      76.    Unless a temporary, preliminary and/or permanent injunction is granted, there is a

22  substantial and material risk that Defendants will cause any available funds and/or assets to be

23  further misappropriated, converted, moved, removed from the jurisdiction of this Court, spent

24  and/or wasted. A preliminary injunction is necessary to preserve and protect Plaintiff's funds.

25      WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them,

26  as follows:

27      1.    For the principal sum of €1,831,554.00;

28      2.    For the interest on the principal sum at 10 percent per year from the date of each

-14-
COMPLAINT

PPCF_NB:57093.1                    (14)

1    investment by Plaintiff, or as allowed by law;

2      3.     For an order declaring that Defendants hold the converted funds described above

3    in trust for Plaintiff;

4      4.     For an order declaring Plaintiff the owner of said converted funds;

5      5.     For an order compelling Defendants to convey said funds to Plaintiff;

6      6.     For general damages according to proof;

7      7.     For special damages according to proof;

8      8.     For an accounting of all monies owed to Plaintiff;

9      9.     For punitive damages;

10      10.     For costs of suit herein;

11      11.     For rescission of the Wealth Management Agreement;

12      12.     For restitution to the Plaintiff of all sums unlawfully collected by the Defendants

13    from the Plaintiff and other members of the class since April 2006;

14      13.     For the issuance of a temporary restraining order, preliminary injunction

15    and permanent injunction barring Defendants from selling, transferring or encumbering property

16    held for the benefit of Plaintiff;

17      14.     For a declaration that the Wealth Management Agreement is void and no force

18    and effect; and

19      15.     That a receiver be appointed to take possession of Finbar and its assets, books and

20    records, and any and all assets owned by Finbar and the other Defendants for the benefit of

21    Plaintiff and Finbar, to account for funds belonging to Plaintiff and other similarly situated

22    investors, to segregate and manage any such property, and duly report the same to this Court;

23      16.     For an order directing Defendants to deposit into court any and all funds

24    belonging to Plaintiff. Civ. Proc. Code § 572;

25      17.     For the payment of the Plaintiff's attorney's fees out of the moneys recovered for

26    the joint benefit of the members of the class;

27    ///

28    ///

-15-

COMPLAINT

1      18.      For such other and further relief as the court may deem appropriate.

2    DATED: July 11, 2007

                                    PICKER, CHOW & FREISLEBEN, LLP

4                                   BY: _____
5                                        TODD A. PICKER
                                         Attorney for Plaintiff
6                                        JUERGEN VOTTELER

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    -16-
                                  COMPLAINT

PPCF_NB:57093.1

(21)

EXHIBIT "B"        (22)

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY:<br>Todd A. Picker<br>Picker, Chow & Freisleben, LLP<br>4675 MacArthur Court, Suite 220<br>Newport Beach, CA 92660 | STATE BAR NUMBER<br>132905 | Reserved for Clerk's File Stamp |
|---|---|---|
| ATTORNEY FOR (Name): Plaintiff JUERGEN VOTTELER | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
400 Civic Center Plaza, Pomona, CA 91766

PLAINTIFF:
JUERGEN VOTTELER

DEFENDANT:
FINBAR SECURITIES CORP., et al.

| AMENDMENT TO COMPLAINT<br>(Fictitious /Incorrect Name) | CASE NUMBER:<br>KC050973 |
|---|---|

☑ **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

FICTITIOUS NAME
DOE 21

and having discovered the true name of the defendant to be:

TRUE NAME
HUI WANG, who plaintiff is informed and believes is also known as Cindy Tringham.

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| 9-17-07 | Todd A. Picker | |

☐ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

INCORRECT NAME

and having discovered the true name of the defendant to be:

TRUE NAME

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| | | |

## ORDER

THE COURT ORDERS the amendment approved and filed.

Dated _____    _____ Judicial Officer

LACIV 105 (Rev. 01/07)
LASC Approved 03-04

**AMENDMENT TO COMPLAINT**
(Fictitious / Incorrect Name)

Code Civ. Proc., §§ 471.5,
472, 473, 474

(23)

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Picker, Chow & Freisleben, 4675 MacArthur Court, Suite 220, Newport Beach, CA 92660.  On September 17, 2007, I served the within documents:

### AMENDMENT TO COMPLAINT

☐  by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Irvine, California addressed as set forth below.

☐  by causing personal delivery by **DDS MESSENGER** of the document(s) listed above to the person(s) at the address(es) set forth below.

☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐  by overnight courier (next business day) of the document(s) listed above to the person(s) at the address(es) set forth below.

Keith W. Berglund, Esq.
2800 Neilson Way, Suite 1615
Santa Monica, CA 90405
Tel: (310) 567-6070

Attorney for Defendants FINBAR SECURITIES CORP.
and ROBERT J. TRINGHAM

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 17, 2007, at Newport Beach, California.

_Helayne L. Miller_
HELAYNE L. MILLER

PPCF_NB:58528.1

(24)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY | CIV-100 |
|---|---|---|

Todd A. Picker (Bar No. 132905)
PICKER, CHOW & FREISLEBEN, LLP
4675 MacArthur Court
Suite 220
Newport Beach, CA 92660
TELEPHONE NO.: (949) 622-8822     FAX NO. *(Optional):* (949) 622-8833
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff Juergen Votteler

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 400 Civic Center Plaza
MAILING ADDRESS:
CITY AND ZIP CODE: Pomona, CA 91766
BRANCH NAME: EAST DISTRICT - Pomona South Courthous

PLAINTIFF/PETITIONER: JUERGEN VOTTELER

DEFENDANT/RESPONDENT: FINBAR SECURITIES CORP., a
California corporation, et al.

**FILED**
LOS ANGELES SUPERIOR COURT
OCT 2 3 2007
JOHN A. CLARKE, CLERK
BY A. ARIIZUMI, DEPUTY

**RECEIVED**
OCT 2 3 2007
EAST DISTRICT

| REQUEST FOR [X] Entry of Default [ ] Clerk's Judgment | CASE NUMBER: |
|---|---|
| (Application) [ ] Court Judgment | KC050973 |

1. TO THE CLERK: On the complaint or cross-complaint filed
   a. on *(date):* July 11, 2007
   b. by *(name):* JUERGEN VOTTELER
   c. [X] Enter default of defendant *(names):* FINBAR ASIA PHILIPPINES, INC.; HUI WANG aka
      Cindy Tringham; SWISS GLOBAL CONNECT USA, INC.

   d. [ ] I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant *(names):*

   e. [ ] *(Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)*
      Enter clerk's judgment
      (1) [ ] for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc., § 1169.)
      [ ] Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The *Prejudgment Claim of Right to Possession* was served in compliance with Code of Civil Procedure section 415.46.
      (2) [ ] under Code of Civil Procedure section 585(a). *(Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)*
      (3) [ ] for default previously entered on *(date):*

2. Judgment to be entered.

| | | Amount | Credits acknowledged | Balance |
|---|---|---|---|---|
| a. | Demand of complaint . . . . . . . . . . . . . $ | | $ | |
| b. | Statement of damages * | | | |
| | (1) Special . . . . . . . . . . . . . . . . . $ | | $ | |
| | (2) General . . . . . . . . . . . . . . . . . $ | | $ | |
| c. | Interest . . . . . . . . . . . . . . . . . . . $ | | $ | |
| d. | Costs *(see reverse)* . . . . . . . . . . . $ | | $ | |
| e. | Attorney fees . . . . . . . . . . . . . . . . $ | | $ | |
| f. | TOTALS . . . . . . . . . . . . . . . . . . . $ | | $ | |
| g. | Daily damages were demanded in complaint at the rate of: $ | | per day beginning *(date):* | |

*(* Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)*

3. [ ] *(Check if filed in an unlawful detainer case)* Legal document assistant or unlawful detainer assistant information is on the reverse *(complete item 4).*

Date: October 22, 2007

Todd A. Picker
(TYPE OR PRINT NAME)                    ▶            (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| FOR COURT USE ONLY | (1) [X] Default entered as requested on *(date):* 10-23-07 |
|---|---|
| | (2) [ ] Default NOT entered as requested (state reason): |

JOHN A. CLARKE, Clerk, by A. ARIIZUMI , Deputy

Form Adopted for Mandatory Use
Judicial Council of California
CIV-100 [Rev. January 1, 2007]

**REQUEST FOR ENTRY OF DEFAULT**
(Application to Enter Default)

Legal
Solutions
Plus

Page 1 of 2
Code of Civil Procedure,
§§ 585-587, 1169

(26)

PLAINTIFF/PETITIONER: JUERGEN VOTTELER

CIV-100

DEFENDANT/RESPONDENT: FINBAR SECURITIES CORP., a California
corporation, et al.

CASE NUMBER:
KC050973

4. **Legal document assistant or unlawful detainer assistant** *(Bus. & Prof. Code, § 6400 et seq.).* A legal document assistant or unlawful detainer assistant ☐ did  [X] did not  for compensation give advice or assistance with this form. *(If declarant has received any help or advice for pay from a legal document assistant or unlawful detainer assistant, state):*

   a. Assistant's name:
   b. Street address, city, and zip code:

      c. Telephone no.:
      d. County of registration:
      e. Registration no.:
      f. Expires on *(date)*:

5. [X] **Declaration under Code of Civil Procedure Section 585.5** *(required for entry of default under Code Civ. Proc., § 585(a)).*
   This action
   a. ☐ is  [X] is not  on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).
   b. ☐ is  [X] is not  on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).
   c. ☐ is  [X] is not  on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

6. **Declaration of mailing** *(Code Civ. Proc., § 587).* A copy of this *Request for Entry of Default* was
   a. ☐ not mailed to the following defendants, whose addresses are unknown to plaintiff or plaintiff's attorney *(names):*

   b. [X] mailed first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:
     (1) Mailed on *(date)*: October 23, 2007  (2) To *(specify names and addresses shown on the envelopes):*

     SEE ATTACHED SERVICE LIST

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5, and 6 are true and correct.
Date: October 23, 2007

   Helayne L. Miller
   (TYPE OR PRINT NAME)

▶ *Helayne L. Miller*
   (SIGNATURE OF DECLARANT)

7. **Memorandum of costs** *(required if money judgment requested).* Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):
   a. Clerk's filing fees . . . . . . . . . . . . . . . . . . . $
   b. Process server's fees . . . . . . . . . . . . . . . $
   c. Other *(specify):*
   d. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
   e. TOTAL . . . . . . . . . . . . . . . . . . . . . . . . . . $
   f. ☐ Costs and disbursements are waived.
   g. I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:

   (TYPE OR PRINT NAME)

▶
   (SIGNATURE OF DECLARANT)

8. ☐ **Declaration of nonmilitary status** *(required for a judgment).* No defendant named in item 1c of the application is in the military service so as to be entitled to the benefits of the Servicemembers Civil Relief Act (50 U.S.C. App. § 501 et seq.).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:

   (TYPE OR PRINT NAME)

▶
   (SIGNATURE OF DECLARANT)

Civ-100 [Rev. January 1, 2007]

**REQUEST FOR ENTRY OF DEFAULT**
(Application to Enter Default)

Page 2 of 2

11-26 M

1   Keith Berglund, Esq. (State Bar No.207649)
2   2800 Neilson Way
    Suite 1615
3   Santa Monica, Ca. 90405
    Telephone: 310-567-6070
4   Facsimile: 310-564-0327

**FILED**
LOS ANGELES SUPERIOR COURT

NOV 0 5 2007

JOHN A. CLARKE, CLERK

BY E. LEON, DEPUTY

5   Attorneys for Hui Wang, Finbar Asia Phillipines, Inc. and Swiss Global Connect USA, Inc.

6

7

8                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                             **COUNTY OF LOS ANGELES**

10  JUERGEN VOTTELER                    | Case No.: No. KC 050973
    
    Plaintiff,                          |
11                                      | Hearing Date/Time: n/a
            vs.                         | Dept No.: "O"
12                                      | Hearing Judge: Hon. Peter J. Meeka
    FINBAR SECURITIES CORP, ET.AL.      | ANSWER AND AFFIRMATIVE DEFENSES
13
            Defendants
14

15

16

17

18          Defendants HUI WANG AKA CINDY TRINGHAM, FINBAR ASIA PHILLIPINES, INC., A

19  CALIFORNIA CORPORATION, AND SWISS GLOBAL CONNECT USA, INC. (collectively, the

20  "Defendants") answers the unverified Complaint of Plaintiff JUERGEN VOTTELER (hereinafter referred to as

21  "Plaintiff") as follows:

22

23

24

25                        **ANSWER TO ALL CAUSES OF ACTION**

26

27  1.      In answer to the unverified Complaint on file herein and each and every cause of action

28  thereof and contained therein,  Defendants, pursuant to Section 431.30 of the California Code,

E BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

d Cont Fee

                                            1

1  of Civil Procedure, deny generally and specifically each and every allegation thereof and

2  contained therein. Further and more specifically, the answering Defendants deny that Plaintiff has

3  been damaged in the sum alleged or in any sum or sums at all, as a result of any action,

4  conduct, statement or omission by the answering Defendants and further

   deny that Plaintiff has been damaged at all in any manner whatsoever and specifically denies that Plaintiff is

5  entitled to the relief sought or any relief in any sum or manner whatsoever.

6

7

8                          **AFFIRMATIVE DEFENSES**

9  As and for their separate and distinct affirmative defenses, Defendants allege as follows:

10

11                      **FIRST AFFIRMATIVE DEFENSE**

   2.      As to the entire Complaint and each and every purported cause of action thereof and contained therein,
12
   Plaintiff has failed to state facts sufficient to constitute a cause of action or causes of action against
13
   Defendants.
14

15

16                     **SECOND AFFIRMATIVE DEFENSE**

   3.      Any alleged damages incurred or suffered by Plaintiff which damages are specifically
17
   denied, were suffered and incurred as a result of Plaintiff own actions, conduct, omissions,
18
   negligence, misfeasance, fraud and/or malfeasance and not due to any actions or conduct by either of these
19
   answering Defendants.
20

21

22                      **THIRD AFFIRMATIVE DEFENSE**

   4.      Any alleged damages incurred or suffered by Plaintiff which damages are specifically denied, were
23
   caused by the negligence and/or negligent actions and/or intentional actions and liability of other persons for
24
   whom Defendant is not responsible.
25

26

27                     **FOURTH AFFIRMATIVE DEFENSE**

   5.      Any alleged damages incurred or suffered by Plaintiff, which damages are specifically denied,
28
   were suffered or incurred as a result of negligence and/or negligent actions and/or intentional actions and liability

E BERGLUND GROUP
2600 Nielson Way
Suite 1613
Santa Monica, CA 90405
(310) 567-6070

2

ANSWER AND AFFIRMATIVE DEFENSES   KC050973

printed on recycled paper

(30)

1  of Plaintiff and/or the Doe Defendants or third parties and not by Defendants.

2

3  ## FIFTH AFFIRMATIVE DEFENSE

4  6.     Plaintiff's claims and each and every purported cause of action of the Complaint is and are barred

5  by the reason of the Doctrine of Unclean Hands. Plaintiff is not entitled to equitable or legal relief as it has

6  not done equity and comes before this Court with unclean hands as to each and all causes of action of

7  the Complaint.

8

9  ## SIXTH AFFIRMATIVE DEFENSE

10     7.     This action is barred by reason of Plaintiff's own conduct.

11

12  ## SEVENTH AFFIRMATIVE DEFENSE

13     8.     Plaintiff has failed to mitigate any damages it claims to have suffered.

14

15

16  ## EIGHTH AFFIRMATIVE DEFENSE

9.     The Defendants have in no way acted with oppression, fraud or malice and all claims for exemplary

17  damages must be denied.

18

19  ## NINTH AFFIRMATIVE DEFENSE

20
21  10. Plaintiff's claims are barred by the Doctrine of waiver as to all causes of action.

22

23  ## TENTH AFFIRMATIVE DEFENSE

24  11. Plaintiff's claims are barred by the Doctrine of Laches as to all causes of action.

25

26  ## ELEVENTH AFFIRMATIVE DEFENSE

27  12. Plaintiff's claims are barred by the Doctrine of Estoppel as to all causes of action.

28

E BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

printed on recycled paper

### TWELFTH AFFIRMATIVE DEFENSE

13.    Because the Complaint is phrased in conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable to said Complaint. Consequently, the right to assert additional affirmative defenses, if and to the extent that such are applicable is hereby reserved.

WHEREFORE, the Defendants pray for judgment as follows:

### ALL CAUSES OF ACTION

1.    That Plaintiff take nothing by way of the Complaint herein;

2.    That all relief, both legal and equitable and all damages including general and special, compensatory and exemplary (punitive), and all expenses and all attorneys fees and all interest requested by Plaintiff in the Complaint be denied;

3.    That the Complaint be dismissed in its entirety with prejudice with respect to these answering Defendants;

4.    For costs of suit incurred herein;

5.    For attorneys fees;

6.    For such other and further relief as this Court deems just and proper.

DATED: October 31, 2007

Keith W. Berglund, Esq.

Keith W. Berglund
Attorney for DEFENDANTS

E BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 561-6070

(32)

ANSWER AND AFFIRMATIVE DEFENSES   KC050973

printed on recycled paper

1  Keith Berglund, Esq. (State Bar No.207649)
2  The Berglund Group
   2800 Neilson Way
3  Suite 1615
   Santa Monica, Ca. 90405
4  Telephone: 310-567-6070
   Facsimile: 310-564-0327
5
   Attorneys for Finbar Asia Phillipines, Inc. and Swiss Global Connect USA, Inc
6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                       COUNTY OF LOS ANGELES
10

11 JUERGEN VOTTELER                    Case No.: No. KC 050973
12 Plaintiff,
                                       Hearing Date/Time: Feb 26, 2008
13        vs.                          Hearing time: 8:30 am.
                                       Dept No.: "O"
14 FINBAR SECURITIES CORP, ET.AL.      Hearing Judge: Hon. Peter J. Meeka

15      Defendants                     NOTICE OF HEARING ON MOTION TO
                                       VACATE ENTRY OF DEFAULT  AND
16                                     MOTION TO VACATE ENTRY OF DEFAULT
                                       BY DEFENDANTS FINBAR ASIA AND SWISS
17                                     GLOBAL; POINTS AND AUTHORITIES IN
                                       SUPPORT;DECLARATIONS IN
18                                     SUPPORT;PROPOSED ORDER

19

20

21

22

23     TO ALL INTERESTED PARTIES:
24
       PLEASE TAKE NOTICE that on February 26 2008, at 8:30 a.m., or as soon thereafter as
25
26 Counsel may be heard, in Department "O" of the above entitled Court, located at Pomona Courthouse

27 South, 400 Civic Center Plaza, Pomona, Ca. 91766, Defendants Finbar Asia Phillipines, Inc., a

28 California corporation and Swiss Global Connect USA, Inc., a California corporation ("Defendants")

1  will move the Court for an Order to Vacate Entry of Default. The grounds of this Motion are that the

2  Court has jurisdiction to set aside the Entry of Default under Code of Civil Procedure § 473 in that the

3  Entry of Default was as a result of mistake, inadvertence, surprise or excusable neglect.

4       This Motion is made and based upon this notice, the attached Memorandum of Points and

5  Authorities, the pleadings and records in this action and upon such oral and documentary evidence as

6

7  may be presented at the hearing on the Motion.

8

9  Dated: January 22, 2008

10

11            **THE BERGLUND GROUP**

12

13            *Keith W. Berglund*

14            KEITH W. BERGLUND, ESQ.

15            Attorneys for Defendant

16

17

18       <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

19                    I.

20            <u>**INTRODUCTION**</u>

21       Defendants were unknowingly dragged into this litigation when Plaintiff, who did not name or

22  suggest that Defendants were part of this litigation, apparently served agents of the respective

23  Defendants. Said pleadings were mailed to Robert Tringham, a principal in each of the entities which are

24  separate and distinct entities from the prior defendants in this matter in the fall of 2007. Unfortunately,

25  the pleadings were opened by Tringham's secretary and placed in with the hundreds of pages of other

26  pleadings filed in this case and Tringham did not become aware of the pleadings until Requests for Entry

27

28

E BERGLUND GROUP
2800 Nelson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

printed on recycled paper

of Default had already been filed by Plaintiff. Tringham, on behalf of Defendants, first learned of the Entry of Default when Tringham's lawyer – Keith Berglund – called saying he had received a filing of a Request for Entry of Default. Defendants' promptly hired Berglund's firm to file an answer in this case. Defendants' answer and filing fees were accepted by the Clerk of the Court. Thereafter, Defendants' timely filed this Motion once it became clear that settlement discussions had gone awry.

Pursuant to CCP § 473 (b), the facts of this case demonstrate the type of excusable neglect, surprise, mistake and inadvertence sufficient to justify the vacating of the Entry of Default. A copy of the stamped answer that was filed in this matter by Defendants(or will be filed if necessary) is attached hereto as Exhibit "A" and this Motion was filed within 180 days of Entry of the Default.

## II.

## BACKGROUND

This matter was initiated by the filing of a Complaint by Plaintiff in July of 2007. The nature of the Complaint is based upon breach of contract and fraudulent inducement against Tringham and a company that Tringham operates known as Finbar Securities Corporation ("Finbar"). Specifically, the Complaint alleges that Plaintiff placed an amount of roughly $2,000,0000.00 with Finbar to manage pursuant to the terms of a contract attached to the Complaint. Finbar(and Tringham) filed answers and affirmative defenses to the Complaint and later acknowledging the placement of the monies by Plaintiff with Finbar but denying the validity of Plaintiff's actions in seeking termination of the referenced contract and alleging damages incurred by virtue of Plaintiff's actions.

The Complaint did contain "scatter-shot" allegations that may be characterized as alter-ego claims but no specific defendants other than the above were named. In or about September 27, 2007, the Plaintiff amended the Complaint and named Wang, Finbar Asia Phillipines, Inc., a California

E BERGLUND GROUP
2800 Nelson Way
Suite 1613
Santa Monica, CA 90405
(310) 567-6070

printed on recycled paper

corporation ("FAP"), and Swiss Global Connect USA, Inc., a California corporation ("SGC") as additional defendants in the case. No additional allegations were added to the Complaint. Apparently, on a date in October of 2007 Plaintiff filed a Request for entry of Default against the additional referenced defendants(the "Request"). The actual date of the Request is unclear as the date appears to be typed over as can be seen in the request attached hereto as Exhibit "B" and incorporated herein by reference. Plaintiff's counsel did not inform Tringham's counsel prior to seeking the Request. However, Plaintiff's counsel did include Tringham and his counsel on the service list for the Request.

Upon learning of the Request, Tringham's counsel immediately informed Tringham who expressed surprise and indicated that none of the additional defendants were aware of the Request. The additional Defendants did hire Berglund as their counsel and an answer to the Complaint was filed by the additional defendants on November 5, 2007. There was no apparent listed entry of default on the court records as of November 5, 2007 and the Clerk of the Court accepted the answer and the roughly $1,000.00 in filing fees. Later it was determined that an Entry of Default dated October 23, 2007 was entered on the records. Plaintiff's counsel refused to vacate the Entry of Default and after settlement discussions involving the parties to this case broke down the relief requested herein was filed.

## III.

## LEGAL SUMMARY

## THE DEFAULT IS THE RESULT OF MISTAKE, SURPRISE, INADVERTENCE OR EXCUSABLE NEGLECT

CCP § 473(b) provides in relevant part that … (t)he Court may, upon any terms as may be just,

E BERGLUND GROUP
2800 Nelson Way
Suite 1615
Santa Monica, CA 90405
(310) 367-6670

4

MOTION TO VACATE ENTRY OF DEFAULT    KC 050973

printed on recycled paper

(3 7)

1  relieve a party ... from a judgment, dismissal, order, or other proceeding taken against him or her

2  through his or her mistake, inadvertence, surprise or excusable neglect." The case law strongly

3  favors parties seeking relief from default. Thus, in Elston v. City of Turlock, the California Supreme

4  Court decreed: " Because the law strongly favors trial and disposition on the merits, any doubts in

5  applying section 473 **must** be resolved in favor of the party seeking relief from default."(1985) 38

6

7  Cal.3d 227, 233 (emphasis added). The Court in Elston went on to state that where the party in

8  default moves promptly to seek relief, and no prejudice to the opposing party will result from setting

9  aside the default and letting the case go to trial on the merits, "very slight evidence will be required

10
   to justify a court in setting aside the default." Id.; Shamblin v. Brattain (1988) 44 Cal.3d.474, 478;
11

12  Misic v. Segars (1995) 37 Cal.App.4th 1149, 1154; Uriarte v. U.S. Pipe & Foundry Co. (1996) 51

13  Cal.App.4th 780, 789-790.

14      Here, Defendants moved immediately to file an answer and pay court filing fees upon

15  learning of the Complaint which answer and filing fees were accepted by the Court. Further,

16
   Defendants had no reason to know they would be a party to this lawsuit. Further, when learning an
17

18  entry of default had been entered against them, Defendants filed this motion as soon as it became

19  clear a settlement was not imminent.

20

21

22  **DEFENDANTS' WERE DILIGENT IN SEEKING TO SET ASIDE DEFAULT**

23      As set forth by the Court in Elston above, in order to obtain equitable relief from judgment(or

24  in this case entry of default), the defaulting party must show that it was diligent in seeking to set

25  aside the default once it was discovered. Stiles v. Wallis (1983) 147 Cal.app.3d 1143, 1147.

26  Defendants immediately hired counsel and file an answer and pay court filing fees which were

27  accepted upon learning about the Request. Defendants' counsel did request that the entry of default

28

2 BERGLUND GROUP
2800 Nelson Way
Suite 1615
Santa Monica, CA 90405
(310) 367-6070

printed on recycled paper

1  be set aside upon learning of the actual entry which request was denied. Once learning that

2  settlement was not imminent, this Motion was filed well within the statutory requirements.

3  Defendants have met the Court's requirement that she diligently seek to set aside the entry of

4  default.

5

6

7                    **THE APPLICATION RELIEF IS TIMELY**

8          The Entry of Default is dated October 23, 2007. Accordingly, this application for relief is

9  made within the six month period of time under CCP § 473(b).

10

11

12                              **IV.**

13                         <u>**CONCLUSION**</u>

14          Based on the foregoing, Defendants' respectfully request that this Court set aside the entry of

15  default entered against them and permit Defendants' an opportunity to defend this complaint on its

16  merits.

17

18

19          Dated: January 22, 2008

20          Respectfully submitted,

21          THE BERGLUND GROUP

22

23

24          *Keith W. Berglund*

25          Attorney for Defendants

26

27

28

E BERGLUND GROUP
2800 Malbea Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

(39)

printed on recycled paper

EXHIBIT "F"        (40)