Keith Berglund (State Bar No.207649)
Steve Wegner (State Bar No. 58585)
The Berglund Group
149 S. Barrington Ave.
Suite 181
Los Angeles, Ca. 90049
Telephone: 310-567-6070
Facsimile: 310-564-0327

Attorneys for Debtor

FILED
NOV 17 2009
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

In re

HUI WANG,

_____

JUERGEN VOTTELER

    Plaintiff,

v.

HUI WANG
    Defendant.

)
) CASE NO. 2:09-bk-19641-ER
)
) Chapter 11
)
)
)
)
)
)
) Adv. No. 09-bk-01865-ER
)
)
)
) **DECLARATION OF HUI WANG**
) **IN SUPPORT OF MOTION TO**
) **DISMISS FIRST AMENDED**
) **COMPLAINT**
)
) Date:    January 12, 2010
) Time:    10:00 a.m.
) Ctrm:    1568, 15th Floor
)           255 E. Temple Street
)           Los Angeles, Ca.

BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

1
printed on recycled paper
DECLARATION OF WANG IN SUPPORT OF MOTION TO DISMISS  ADV. NO. 09-01865

I, the undersigned, declare as follows in support of the Motion to Dismiss the First Amended Complaint (the "Motion"):

1. I was an added doe Defendant in the state court action involving Plaintiff Juergen Votteler ("Plaintiff") (the "Case") and have personal knowledge of each fact stated herein.
2. I have reviewed the First Amended Complaint and find the Complaint to be wrong, reckless and slanderous in virtually every respect as they pertain to allegations concerning me and my relationship with Robert Tringham ("Tringham").
3. Tringham was my former companion. I originally met Tringham on or about November of 2003. Tringham represented to me that he was an international banker and had a substantial business portfolio. I have a 16 year old son named Zhan Gao. I was born in China and fairly recently came to this country in the spring of 2000. Attached hereto as Exhibit "A" is a true and correct copy of my I-94 immigration departure record which clearly shows my arrival in this country in March of 2000 – not the 1998 alleged by Plaintiff. My English ability is rather limited and I do not have much knowledge of the American legal system. I am a Chinese citizen with a US green card.
4. I moved in with Tringham and my son to a house located on 2435 Clear Creek Lane, Diamond Bar, California 91765 (the "Clear Creek House") on or about October 28, 2005. Tringham later proposed to marry me. The marriage was not consummated. I separated from Tringham on or about October 18, 2008 and together with my son moved out from the Clear Creek House on or about October 18, 2008. I separated from Tringham due to, among other things, infidelity and questionable business practices. Since that time I have been living separate from Tringham and have had little to no contact with Tringham. My separation from Tringham took place months before his arrest. It further appears from the subsequent governmental proceedings that Tringham had been working with women other than me in his business endeavours.
5. On or about November of 2008, as clearly listed in my bankruptcy schedules, I renounced any interest in the Clear Creek House. The Clear Creek House had been the subject of a civil forfeiture action filed by the Federal Government and I was listed in the forfeiture action solely because Tringham had put my name as a title holder to the Clear Creek House after he had purchased the Clear Creek House in 2005. I have not been the subject

E BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

of any further governmental action other than in the limited capacity relating to the Clear Creek House.

6. On or about October 31, 2007, Tringham informed me that I had been named as a defendant in the Case and that a Request for Entry of Default("Request") had been filed against me.

7. This was the first time I became aware of the Request. I was not represented by counsel at the time and was assured by Tringham that his attorney – Keith Berglund – would represent me in the Case. Immediately, I hired Keith Berglund("Berglund") as my counsel, advanced court filing fees (which the Court accepted) and caused Berglund to file an answer on my behalf in the Case on or about November 5, 2007.

8. I was not involved in any material respect with Tringham in any of Tringham's acquisition of investor's funds or any management of his business activities. Notwithstanding this lack of involvement with Tringham's business activities, I have had a default judgment entered against me in the Case on July 23, 2008 in the amount of $3,427,135.24 without being given due process or any opportunity to defend myself.

9. Further, at no time have I had any dealings or discussions with Plaintiff concerning any matter, and certainly not involving any attempt to delay state court litigation or settlement discussions.

10. I have not participated with Tringham in setting up bank accounts in any overseas country at any time. Nor have I traveled outside of this country since I came here from China. I have set up personal accounts for my benefit (and not Tringham) and a business account related to my Wangao Properties ("Wangao") business. Wangao – as I testified in the 341 hearings in my bankruptcy case and as set forth in my bankruptcy schedules – was set up to purchase a small printing and mail shop business which ultimately did not succeed. Tringham did reimburse me for loans which I advanced to his business during the period from April 25, 2006 to July 26, 2006, totaling $118,100.00.

11. I learned that a process server had come to our house in the fall of 2007 to serve me with the Complaint. I did not receive the Complaint from any process server and filed a declaration to this point in the Case.

12. I learned that an Entry of Default had been entered against myself dated October 23, 2007. As the original parties to the Case were in the midst of settlement negotiations which

appeared very promising it was my understanding that each side agreed to forbear from filing pleadings in this Case until December of 2007. When these settlement negotiations broke down, Berglund filed a Motion to Vacate Entry of Default and/or Quash Summons (the "Motion to Vacate") on or about January 22, 2008 (well within the six month period provided for under applicable California law to vacate entries of default) to be filed with the Court.

13. On February 26, 2008, despite not having been personally served – despite Plaintiff's proof of service to the contrary - prior to the entry of default(while having meritorious defenses) and with not much explanation, the Court rejected the Motion to Vacate denying me the ability to defend myself from the wrongful allegations of the Plaintiff. The default judgment was entered against me on July 23, 2008.

14. On September 19, 2008, Berglund filed an appeal on my behalf to fight for the opportunity to defend myself from claims which relate to a man with whom I did not conduct business and whom I am no longer with. The Appellate Court granted my Motion to bifurcate my appeal from Tringham's appeal based in part on the separate nature of my appeal and facts from that of Tringham.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: November 16, 2009 at Los Angeles, California

By: _____
Hui Wang

BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

4    printed on recycled paper
DECLARATION OF WANG IN SUPPORT OF MOTION TO DISMISS    ADV. NO. 09-01865

EXHIBIT "A"

