**ORIGINAL**

1  Keith Berglund (State Bar No.207649)
   Steve Wegner (State Bar No. 58585)
2  The Berglund Group
   149 S. Barrington Ave.
3  Suite 181
   Los Angeles, Ca. 90049
4  Telephone: 310-567-6070
   Facsimile: 310-564-0327
5
6  Attorneys for Debtor

FILED
JAN 05 2010
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

In re

HUI WANG,

——————————————

JUERGEN VOTTELER

  Plaintiff,

v.

HUI WANG

  Defendant.

CASE NO. 2:09-bk-19641-ER

Chapter 7

Adv. No. 09-bk-01865-ER

**REPLY IN SUPPORT OF MOTION TO DISMISS; EVIDENTIARY OBJECTIONS TO PICKER DECLARATION**

Date:   January 12, 2010
Time:   10:00 a.m.
Ctrm:   1568, 15th Floor
        255 E. Temple Street
        Los Angeles, Ca.

E BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

printed on recycled paper

1
REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT    ADV. NO. 09-01865

# DEFENDANT WANG'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS RULE 7012(B) MOTION TO DISMISS

Defendant Wang ("Wang"), files this Reply Memorandum in Support of her Motion to Dismiss (the "Motion") the First Amended Non-Dischargeability adversary complaint, dated November 5, 2009 (the " Amended Complaint") filed by Plaintiff JuergenVotteler ("Plaintiff"). The Plaintiff has failed to state a cause of action for non-dischargeabilty under either §§ 523(a)(2)(A) or 523(a)(6) of the Bankruptcy Code (the "Code") and the Amended Complaint should be dismissed. Nothing in the opposition papers – and most certainly the mythical purported new allegations - filed by Plaintiff in opposition to the Motion come close to satisfy the heightened pleading standards required when alleging fraud. Nor has Plaintiff adequately plead that Wang was a knowing and active participant in a scheme to defraud Plaintiff. Rather, Plaintiff is continuing a fishing expedition exacerbated by a liberal use of wrongful and unsupported allegations in the unverified Amended Complaint which is not permitted under applicable law.

## APPLICABLE LEGAL STANDARD

The applicable legal standard was set forth in Wang's initial Memorandum of Law and will not be generally restated herein, except to say that courts may consider documents outside the pleadings without the proceeding turning into summary judgment. See Branch v. Tunnell, 14 F. 3d 449, 453 (9th Cir. 1994), reversed on other grounds.  The purpose of this rule is to avoid crafty – and in this case wrongful and unsupported - pleading by those who wish to ignore key documents pertaining to the basis of their claim.

Plaintiff's answering papers continue to refer to a declaration from Plaintiff's counsel Todd Picker( still noticeably absent is any declaration from Plaintiff) which attaches additional exhibits. This declaration is the subject of separate objections and should not be considered on this motion for

BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

printed on recycled paper
2
REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT    ADV. NO. 09-01865

the reasons stated therein. Factually, they are disputed by the declarations of Hui Wang and Keith Berglund, submitted only in the event that such objections are overruled. Nevertheless, taken as a whole, Picker's declaration still constitutes a rewriting of the Amended Complaint – albeit still woefully short of stating specific facts required by statute - which only demonstrates the Amended Complaint's still continuing failure to state a claim upon which relief may be granted.

## THE ADVERSARY COMPLAINT FAILS TO ADEQUATELY ALLEGE FRAUD, MALICIOUS INJURY, KNOWLEDGE OF OR ACTIVE PARTICIPATION IN A SCHEME TO DEFRAUD WITH PARTICULARITY UNDER §§ 523(a)(2)(A) OR 523(A)(6)

The rule requiring fraud to be plead with particularity under FRCP 9(b) serves three purposes: (1) informing the defendant of the nature of the alleged wrong so that she may mount an adequate defense, (2) eliminating conclusory complaints filed as a pretext for using discovery to uncover heretofore unknown wrongs, and (3) protecting a defendant from spurious fraud charges that might be particularly damaging to her reputation. Cooper v. Pickett, 137 F.3d 616 (9th Cir. 1997). The opposition filed by Plaintiff in this case only highlights the continuing inability of Plaintiff to satisfy his burden of pleading fraud.

Plaintiff is unable to file a declaration in this case because he has never met Wang nor had one single oral or written conversation with Wang. Nor was Wang party to any contract with Plaintiff. Plaintiff's case appears to be focused on Robert Tringham ("Tringham") rather than Wang(Plaintiff's counsel but not Plaintiff - has gone so far to allege that at the time Plaintiff met Tringham, Tringham represented he was Wang's fiancé or boyfriend. This allegation is incredulous. Apart from being objectionable as hearsay and appearing for the first time despite all of the underlying state court litigation, what sense does this allegation make? Wang was of no consequence

BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

3

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT    ADV. NO. 09-01865

printed on recycled paper

to Plaintiff's business dealings with Tringham – particularly given her limited knowledge of English and minimal business background in the United States. This allegation is reflective of the depths to which Plaintiff is sinking in dragging Wang's name through the mud).

Wang did not participate in any meaningful way in Tringham's business. Wang has submitted declarations in support of her defenses and personally signed the Answer denying the material aspects of all allegations contained in the Amended Complaint. At no point has Plaintiff submitted a declaration in support of his position in this case nor did he verify the Amended Complaint. Rather, Plaintiff relies on declarations submitted by his counsel which are ridden with hearsay and do not provide competent testimony in this matter. In fact, counsel for Plaintiff did not even know Plaintiff at the time the material components of the allegations forming the basis of the Amended took place – thus on what basis is Plaintiff's counsel able to provide admissible evidence in this case? Plaintiff continues to allege that Wang opened unspecified bank accounts for the benefit of Tringham beginning in 1998. The baseless nature of these allegations is completely refuted by Wang's visa which shows she did not even come to the United States until the spring of 2000 (and several years before Wang even met Tringham).

Plaintiff has failed to adequately plead that Wang was a knowing and active participant in a scheme to defraud Plaintiff. Thus, negating the imputation of fraud line of cases cited by Plaintiff. Rather, the operative case law applicable in this matter is the Ninth Circuit's holding in In re Cox, 41 F. 3d 1294, 1297 (9th Cir. 1994) where the Ninth Circuit upheld the debtor's discharge as an innocent wife not having sufficient knowledge of her husband's transgressions in business and rejecting the creditor's imputation of fraud claims similar to that posed by Plaintiff herein. Wang's situation is further distinguishable from the imputation of fraud case law cited by Plaintiff in that (i) she was never married to Tringham, (ii) she was not in business with Tringham, and (iii) Tringham was

certainly not Wang's agent in a principal/agent relationship. The Cox rationale in not imputing liability to an innocent party has been followed by many other courts. See for eg. Matter of Walker, 726 F.2d 452 (8th Cir. 1984), In re Bardwell, 610 F.2d 228, 229 (5th Cir. 1980), In re Lovich, 117 F.2d 612, 614-15 (2d Cir. 1941), In re White, 130 B.R. 979, 987 (Bankr. D. Mont. 1991), In re Futscher, 58 B.R. 14 (Bankr. S.D. Ohio 1985) and In re Anderson, 29 B.R. 184 (Bankr. N.D. Iowa 1983). Similarly, the Cox rationale, together with the absence of an principal/agent or partnership relationship, is equally applicable in this case.

Plaintiff's counsel also attaches certain checks that were allegedly paid to Wang by Tringham to support the claim of fraud. These spurious allegations do not represent competent evidence of wrongdoing by Wang or that said monies constituted property of Plaintiff. In fact, $118,000.00 were repayments of loans made by Wang to Tringham and the balance of checks which total less than $100,000.00 are far, far short of the $3,000,000.00 plus default judgment obtained by Plaintiff against Wang. That Plaintiff alleges Wang received certain gifts from Tringham ignore the fact that said gifts (i) were given before Plaintiff placed monies with Tringham( engagement ring – which has a value much lower than attributed by Plaintiff and vehicle), (ii) contain no credible nexus that the monies used to purchase said gifts were from funds derived from Plaintiff, and (iii) are totally disproportionate in value to the amount Plaintiff alleges he lost with Tringham. Certainly, the sum total of the baseless allegations advanced by Plaintiff do not provide the specificity needed to sustain a fraud based claim. In this case, Wang is as much a victim - if not more so - than Plaintiff. Wang left Tringham in October of 2008 because of, among other things, his questionable business dealings and his apparent dealings with women other than Wang. At no point in time has Wang been named in any criminal proceeding involving Tringham despite the passage of almost a year since Tringham's arrest.

E. BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

5

printed on recycled paper

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT    ADV. NO. 09-01865

Plaintiff continues to also misstate the law in California dealing with the res judicata and/or collateral estoppel effect of the state court default judgment. CCP § 1049 states in relevant part: " An action is deemed to be pending from the time of its commencement until its final determination on appeal, or until the time for appeal is passed …" Clearly, in this case an appeal was timely filed. The California Appellate Court, recognizing the separate nature of Wang's matter from that of Tringham, bifurcated the Wang and Tringham appeals. California law is settled that pending appeal, a trial court default judgment is not final and will not be given res judicata effect. See, In re Turner, 204 B.R. 988 (9th Cir. BAP 1997). In this matter, no issues related to the substantive allegations of the Amended Complaint were ever litigated in state court. Wang never had an opportunity to present any defense.

That Plaintiff states, through the continued inclusion of his prior pleadings, that he will be filing a motion for relief from stay to once again pursue the state court litigation is of no moment and seeks to deprive Wang of her constitutional right to file bankruptcy and pursue a "fresh start" from the horrors associated with her prior life. Instructive on this issue is the Second Circuit's decision in In re Bogdanovich, 292 F.3rd 104, 110 (2nd Cir. 2002). In Bogdanovich, a California state court jury found the Debtor committed fraud and breach of contract. Before the entry of judgment was entered, the Debtor filed for relief under chapter 7 of the Code in New York. The plaintiff in Bogdanovich sought to lift the stay for purposes of allowing entry of the judgment and then claim collateral estoppel in support of a non-dischargeability complaint predicated on the same two §523 counts alleged in this case. The Bogdanovich court reversed the findings of the bankruptcy court and rejected the plaintiff's attempts to use collateral estoppel in a case where much more meaningful and complete litigation had been completed than the meager amount presented in this case. The Bogdanovich court in supporting its opinion cited the constitutionally protected right of a fresh start for the debtor and the inconsistent findings that a state court proceeding may reach vis-à-vis the

standard required for a finding of non-dischargeability under §523 in the Bankruptcy Court. Much like in <u>Bogdanovich</u>, the facts are much stronger to support the relief and fresh start requested by Wang herein. Plaintiff's baseless and unsupported onslaught against Wang should be stopped at this point and Wang should be allowed to pursue her "fresh start" both for herself and the benefit of herself and her young son.

## CONCLUSION

Therefore, Wang respectfully requests this Court to dismiss the Plaintiff's Complaint as against Wang under Federal Rule of Bankruptcy Procedure 7012, making Federal Rule of Civil Procedure 12(b)(6) applicable to the present adversary proceeding.

Respectfully submitted,

THE BERGLUND GROUP

BY: *Keith W. Berglund*

Keith W. Berglund

Counsel for Wang

Dated: January 4, 2010

THE BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

printed on recycled paper
7
REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT    ADV. NO. 09-01865