Keith Berglund (State Bar No.207649)
Steve Wegner (State Bar No. 58585)
The Berglund Group
149 S. Barrington Ave.
Suite 181
Los Angeles, Ca. 90049
Telephone: 310-567-6070
Facsimile: 310-564-0327

Attorneys for Debtor

FILED
JAN 05 2010
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re | CASE NO. 2:09-bk-19641-ER |
| HUI WANG, | Chapter 7 |
| | |
| JUERGEN VOTTELER | Adv. No. 09-bk-01865-ER |
| Plaintiff, | |
| v. | **EVIDENTIARY OBJECTIONS TO THE DECLARATION OF TODD PICKER** |
| HUI WANG | |
| Defendant. | Date: January 12, 2010 |
| | Time: 10:00 a.m. |
| | Ctrm: 1568, 15th Floor |
| | 255 E. Temple Street |
| | Los Angeles, Ca. |

THE BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

TO THE HONORABLE ERNEST ROBLES, UNITED STATES BANKRUPTCY JUDGE:

Defendant Hui Wang ("Wang") submits the following evidentiary objections under the Federal Rules of Evidence ("FRE") to various numbered paragraphs in the Declaration of Todd Picker (the "Declaration") filed with Plaintiff's Opposition to Motion to Dismiss the Amended Complaint.

## EVIDENTIARY OBJECTIONS

Evidentiary Objection No. 1:

Picker Declaration ¶3 and Exhibit "A" attached thereto:

"3. Attached hereto is a true and correct copy of a stipulation and request to stay filed in case no. CV 06-0609. I am informed and believe the civil forfeiture action concerned the Diamond Bar residence owned by Debtor Wang and Robert Tringham. Wang and Tringham were both represented by the lawfirm of Byrne & Nixon."

Objections:

Relevance(FRE 401,402), Prejudice,Confusion (FRE 403), Improper Character Evidence (FRE 404), improper Foundation (FRE 104). The attached stipulation predates any involvement of Tringham with Plaintiff, bears no relationship to this case, and improperly and with high degree of prejudice attempts to interject Wang's character with no proper foundation or explanation as to the nature of the underlying case.

Evidentiary Objection No. 2:

Picker Declaration ¶5:

"5. At no time during the course of the underlying state court action do I believe the defendants engaged in good faith settlement negotiations. On the contrary, promises to return my clients money were repeatedly made and then not kept. The purpose of defendants' tactics appears to have been to delay efforts by myself and co-counsel to obtain financial data about the defendants' bank accounts. In late 2007 when I refused to delay prosecution of the case, without my knowledge

and consent the defendants and/or their representatives contacted my client directly and promised to return his money. As with previous promises, the defendants did not follow through and their conduct appears to have been calculated to once again delay the prosecution of the case and identification of their assets."

Objections:

Lack of Personal Knowledge (FRE 602), Improper Foundation (FRE 104, 901), Irrelevant (FRE 401, 402), Improper Character Evidence (FRE 404). Picker fails to provide adequate foundation for his stated speculative opinion. Moreover, picker's statements constitute an improper lay opinion.

Evidentiary Objection No. 3:

Picker Declaration ¶6 and Exhibit "B" attached thereto:

"6. Attached hereto as Exhibit "B" are true and correct copies of checks produced in response to subpoenas served in the Los Angeles Superior Court action by my office."

Objections:

Lack of Personal Knowledge (FRE 602), Improper Foundation (FRE 104, 901), Irrelevant (FRE 401, 402), Hearsay (FRE 801, 802). Picker fails to provide adequate foundation for inclusion of the checks and how they relate to Plaintiff's investment with Tringham and most specifically and directly with Wang; nor does Picker include the numerous loans made by Wang to Tringham.

Evidentiary Objection No. 4:

Picker Declaration ¶8 and Exhibit "D" attached thereto:

"8. Attached hereto as Exhibit "D" is a true and correct Real Property Transaction Record printed from Westlaw showing Wang's ownership of property at 2435 Clearcreek Lane, diamond Bar, California."

Objections:

Improper Foundation (FRE 104, 901), Best Evidence Rule (FRE 1002), Irrelevant (FRE 401, 402), Hearsay (FRE 801, 802). Picker fails to provide adequate foundation for inclusion of an out of date real estate report; Wang's bankruptcy schedules clearly reveal no interest in the home reflected in Exhibit "D" and relevance of Exhibit "D" is problematic.

BERGLUND GROUP
2800 Neilson Way
Suite 1015
Santa Monica, CA 90405
(310) 567-6070

1  Evidentiary Objection No. 5:

2  Picker Declaration ¶9:

3  "9. Robert Tringham has been arrested and is awaiting trial. The case is United States
4  v. Tringham, 09-cr-00490-SJO-1."

6  Objections:

7  Relevance(FRE 401,402), Prejudice,Confusion (FRE 403), Improper Character Evidence
8  (FRE 404), Improper Foundation (FRE 104). Wang is as much of a victim as Plaintiff in this matter
9  given the huge default judgment against her for someone she was not in business with and whom she
10 left in October of 2008 for infidelity and questionable business practices; Tringham's arrest does not
11 relate to Wang as she is not a party in that action nor any other criminal matter.

14 Dated: January 4, 2010 at Los Angeles, California

19 By: *Keith W. Berglund* (signature)
    Keith W. Berglund

E BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 562-6070